Pinney.
1p 501
75   162

Pinney.
1p 501
90    68

## BAXTER vs. PAYNE.

1. PLEADING — SPECIAL CONTRACT. Where the plaintiff declares in assumpsit in the common counts, and it appears upon the trial that there is an open, still subsisting contract, in relation to the matter in question which the plaintiff has not performed, such contract must control, and he cannot recover on the common counts, but must declare specially on the contract.
2. SAME. No promise can be implied in relation to the subject-matter in controversy, where an express contract exists between the parties.
3. PEREMPTORY NONSUIT. The district courts of the Territory have no power upon the trial of a cause to order a peremptory nonsuit.
4. DEPOSITIONS. The authority to take and use depositions being in derogation of the rules of the common law, it must appear that all the requisites of the statute have been complied with before a deposition can be used.
5. SAME. Where the law required that the deponent should be sworn "to testify the truth, the whole truth, and nothing but the truth," and the deposition stated in its commencement that the witness was "duly sworn," and the certificate of the justice was that he was "first sworn in the usual manner of taking depositions," *held*, that the deposition and certificate did not show that the witness was properly sworn as required by the statute, and was not admissible.
6. NEW TRIAL — COSTS. Where a new trial is granted, because the verdict of the jury is contrary to *evidence*, it is proper to require the payment of costs as a condition of granting it, but not where it is granted, because the verdict is contrary to *law*.

ERROR to the District Court for *Green* County.

The facts in this case are sufficiently stated in the opinion of the court.

*J. H. Knowlton* and *A. Hyatt Smith*, for plaintiff in error.

1. The court erred in admitting the deposition of Pyncheon because the certificate of the justice did not

show that he was sworn according to law, and the method of securing testimony by depositions being unknown to the common law, the statute must be strictly complied with, and if not complied with in every particular, the deposition must be rejected. 5 Mass. 219; 1 Peters, 351; Wright (Ohio), 632, 380; 5 Ohio, 329.

2. The district court should have nonsuited the plaintiff, because in no event upon a sound construction of the evidence would the jury have been warranted in finding for the plaintiff. A special contract was proved which had not been performed by the plaintiff, and he could not, therefore, recover on the common counts. 1 Chitty's Plead. 389; 6 Carr. & P. 15, 257; 5 Bos. & Pul. 61; 4 Wash. C. C. 97.

3. The district court had no right to impose terms as a condition of granting a new trial. *Territory v. Doty, ante.* 22 Wend. 155; 8 id. 109–115; 12 Serg. and R. 275. Under the law as established by all the cases, the contract was special, and was not fully performed by the plaintiff, and the defendant sustained damages in consequence of non-performance, and the plaintiff ought not to recover.

*Edward V. Whiton,* for defendant in error:

1. The certificate of the justice to Pyncheon's deposition is sufficiently explicit. It shows that the witness was sworn in the usual manner and that the defendant was present and made no objection.

2. The motion for a nonsuit was rightly overruled; whether there was a still-subsisting special contract which had not been performed by the plaintiff was a question of fact for the jury. *Hyde v. Barker, ante.*

3. There is nothing to show that the new trial was granted because the verdict was contrary to law, but inasmuch as terms were imposed it will be presumed that it was granted in a case and for a cause where the court had a right to impose terms.

MILLER, J. This is an action of assumpsit, brought by the defendant in error, against the plaintiff in error,

Baxter vs. Payne.

and tried in the district court of Green county.  The declaration consists of the common counts, for goods sold and delivered, to-wit : 40,881 feet of lumber.

It was proven that about 30,000 feet of lumber was delivered by plaintiff to defendant, at sundry times, through the spring and summer of 1841.  In the course of the trial it was proven, that the plaintiff *Payne*, in the spring of 1841, in the presence of witness, and at sundry times, stated, that he had agreed to deliver to the defendant, by the month of July following, according to a bill of lumber which had been furnished by defendant, and which he exhibited to the witnesses, 40,000 feet of lumber at the sum or price of $25 per thousand, to be paid partly in territorial bonds, partly in provisions and partly in money.  One witness said it was about 40,000 feet of lumber and to be paid $25 per thousand, in territorial bonds and other things.

After the close of the testimony, the counsel of defendant moved the court to enter a nonsuit, which was opposed by plaintiff's counsel.  The court overruled the the motion and submitted the cause to the jury, who returned a verdict for the plaintiff.  On motion of defendant, the court granted a new trial, upon condition of payment of the costs by the defendant, which condition not being complied with, the court rendered judgment for the plaintiff upon the verdict.

This is a special contract which the plaintiff was bound to perform, and to declare upon specially.  A special count would be necessary to the assessment, by the jury of the damages, according to the terms and nature of the consideration or payment, set forth in the contract.  It is apparent that the plaintiff cannot recover when there is a subsisting special contract between the parties in relation to the thing done, or the time or manner of payment; the law is well settled that the contract must control, and that the remedy is, in general, upon that and not upon the common counts in assumpsit.  The parties are

bound by their agreement, and there is no ground for implying a promise where there is an express contract.

Although the district court may have been fully satisfied that the plaintiff was not entitled to a verdict, yet a peremptory nonsuit could not be ordered against the will of the plaintiff. In the case of *Hyde v. Barker, ante,* this court decided that such a nonsuit could not be ordered. MARSHALL, C. J., in the case of *Elmore v. Grymes,* 1 Peters, 469, remarks: That the court has had the case under consideration, and is of opinion that the circuit court had no authority to order a peremptory nonsuit, against the will of the plaintiff. He had a right by law, to a trial by jury, and to have had the case submitted to them. He might agree to a nonsuit; but if he did not so choose, the court could not compel him to submit to it." In the case of *Dewolf v. Rabaud,* 1 Peters, 476, Mr. Justice STORY, in delivering the opinion of the court says : That, "after the evidence for the plaintiff was closed, the defendant moved for a nonsuit, which motion was overruled. This refusal, certainly, constitutes no ground for reversal in this court. A nonsuit may not be ordered by the court upon the application of the defendant; and cannot, as we have had occasion to decide at the present term (*Elmore v. Grymes,* 1 Pet. 469), be ordered, *in any case,* without the consent and acquiescence of the plaintiff." In *Crane v. The Lessee of Morris,* 6 Peters, 598, the same doctrine is reiterated, and declared not open for controversy.

The deposition of William Pyncheon was offered to be used in evidence, which was objected to by the defendant, for the reason that the justice does not certify how the oath was administered to the witness. The authority to take testimony in this manner, being in derogation of the rules of the common law, has always been construed strictly ; and therefore it is necessary to establish that all the requisites of the law have been complied with before such testimony is admissible. Before a deposition should be allowed to be read in evidence, every requisite of the

statute must have been substantially and fully complied with. This deposition was taken at the instance of the plaintiff, for the reason that the witness resided more than thirty miles from the place of trial, in pursuance of a written agreement between the parties, and in their presence. In the commencement and body of the deposition, it is stated that the witness "being duly sworn doth depose and say as follows:" The certificate of the justice sets forth that the witness "was first sworn in the usual manner of taking depositions." The statute requires that the deponent shall be sworn to testify the truth, the whole truth, and nothing but the truth. There was error in overruling the objection to the reading of this deposition.

One of the reasons filed in support of the motion for a new trial is, that the verdict was contrary to the law and evidence in the cause. This is a common reason in all such motions, but in this case, it seems to have merits, and to have been relied upon. To require the payment of costs, in granting a new trial, for the reason that the verdict is contrary to evidence, is not improper. But when the verdict is contrary to law, the court cannot require the payment of the costs in granting a new trial. This point was decided by this court at its last term, in the case of *The Territory v. Doty et al., ante,* and is not now open for controversy. It is not necessary to examine this record further, as the case cannot be sustained.

For the reasons here given, the judgment of the district court must be reversed with costs.