RICHARD WANZER et al., Appellees,

*vs.*

PHINEAS HARDY et al., Appellants.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF RACINE COUNTY.

THIS was an appeal in equity from an order of the court below, denying a motion made by the defendants to suppress a deposition taken in the cause under a commission issued out of said court.

Several objections were taken to the commission and the deposition as returned. The commission contained the following words: "and you are further required to certify the age of said witness;" and the commissioner omitted to certify his age in his certificate, but it was stated in the witness's answer to one of the interrogatories.

Another objection was, that the commission does not certify that the witness was duly sworn before giving his testimony. The caption to the deposition states that the witness appeared before the commissioner, "and after being duly sworn," &c., and the certificate states that the said witness, "having been by the said commissioner duly sworn to make true answers to the several interrogatories," &c.

Also, that the commission, after the title of the cause, did not contain the words "in equity."

And because the commission did not contain the names of all the parties. The commission entitled the cause *Richard Wanzer et al. vs. Phineas Hardy et al.*

*H. S. Saunders*, for the appellants.

*John W. Carey*, for the appellees.

*By the Court*, COLE, J. We can see no valid objection to the admission of the deposition of John N. Knapp, and therefore are of the opinion that the motion to suppress his deposition was

properly denied by the Circuit Court. The question whether the deposition shall be suppressed, is a matter of discretion (*Underhill vs. Van Cortlandt,* 2 *J. C. R.* 339; *Dickens R.* 50; 2 *Danl. Chy. Prac.* 1145), even where an irregularity has occurred in the examination of the witness; and by *section* 28, *chap.* 98, *R. S.,* great discretion is given to courts in regard to the admission or rejection of depositions taken out of the state. If the objections taken to the deposition of Knapp be considered, it will be seen that they are exceedingly technical; except the objection that the commissioner does not certify that the witness was duly sworn before giving his evidence, and this objection is not sustained by the certificate of the commissioner. The commissioner distinctly certifies that the witness, after having been by him duly sworn to make true answers to the several interrogations annexed to the commission, made the foregoing answers in reply thereto.

Again; it seems to be a very rigorous rule, where a party has had the benefit of a cross-examination, to hold that a deposition should be suppressed, because the names of all the parties to the bill are not inserted in the commission. Unless the parties are so numerous as to render it inconvenient to do so, it might be more desirable to have the names of all the parties inserted in the commission; yet we do not think in this case a court would be justified in suppressing the deposition upon that ground.

The order of the Circuit Court is affirmed, with costs.