RUFUS C. LUND v. WILLIAM D. DAWES, AND OTHERS.

### Deposition.

The form of the certificate and caption prescribed by law is a part of the law relat ing to depositions, and it should be observed in matters of substance as much as any other part of the law upon the subject.

Where in the certificate the magistrate followed the printed form without regard to the name of the deponent or the initials of her name, and certified that personally appeared A B and made oath, etc., the deposition was *held* inadmissible.

The certificate of the magistrate taking the deposition must show that the person making the deposition made oath to it as prescribed by the statute; and this being matter of substance, its omission can not be obviated by parol testimony.

'The deponent being in feeble health is the cause of taking the deposition," is an insufficient reason for taking it. It should appear in addition that her feeble health rendered her incapable of traveling and appearing at court.

TRESPASS. Plea, the general issue and notice. Trial by jury, December term, 1867, STEELE, J., presiding. Verdict for the plaintiff. Exceptions by the defendant.

On trial the defendants offered in evidence the deposition of Sylvina Annis, to which the plaintiff objected because it did not appear that the deponent swore to it, and because the cause of its being taken was insufficient. The defendants insisted that the deposition was not open to either of these objections, but if it was, they offered to show by parol evidence, that in fact it was properly sworn to, and that the deponent was too sick to attend court. The court refused to hear any such evidence and ruled that the deposition was inadmissible, to which the defendants excepted.

The certificate and caption is as follows :

" STATE OF VERMONT, )    At Groton in the county of Cale-
    CALEDONIA COUNTY, ss.  $ donia, this 2d day of December, A.
D. 1867, personally appeared A B and made oath that the foregoing deposition by her subscribed, contains the whole truth and nothing but the truth.

" The above deposition is taken at the request of A. H. Ricker to be used in a cause to be heard and tried by the county court to be held at St. Johnsbury in said county, on Tuesday the 3d day of December, 1867, in which cause Rufus C. Lund is plaintiff and A. H. Ricker, Wm. and Artemas Dawes and others are defendants. The deponent being in feeble health is the cause of taking the deposition, and the adverse party was notified and did attend."

This was duly certified and signed by the magistrate.

*Jonathan Ross*, for the defendants.

*Leslie & Rogers*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J.   The only question in this case is whether the dep-osition of Sylvina Annis was properly excluded by the county court.   It is objected by the plaintiff, first, that it does not appear from the certificate of the magistrate that the deponent ever made oath to the deposition; second, that the cause alleged for tak-ing the deposition is insufficient.   Section 13 of chapter 36 of the General Statutes provides, among other things, that every witness making a deposition, shall be carefully examined; and, being sworn, the authority taking it shall certify such deposition in the form prescribed by law.   The form of the certificate and caption of a deposition, prescribed by law, is given in No. 30 of chapter 127 of said statutes.   The introductory part of that chapter pro-vides, that the forms therein contained, in the several courts in this state, and other proceedings, shall, as near as circumstances will admit, be adopted and used; but alterations may be made and allowed by the courts when necessary to adapt them to changes in the law.   The form of the certificate and caption prescribed by law is a part of the law relating to depositions, and it should be observed in matters of substance as much as any other part of the law upon the subject.

It is of course understood by the profession, that the true name of any person to whom the form relates should be inserted in the appropriate place or places.   In the form prescribed for the cer-tificate of the oath to be taken by the deponent, the letters, A B, are used as indicating the place in the certificate at which the deponent's name shall be inserted.   It appears that the magistrate, either from want of experience or inadvertently, (from the latter cause quite likely,) followed the printed form, substituting the word her, in the place of him, without regard to the name of the deponent, or initials of her name, and certified that, personally

appeared A B and made oath that the foregoing deposition by her subscribed, contained the whole truth and nothing but the truth. The certificate shows that somebody therein named A B made oath to the deposition, and that the A B who made oath to the deposition is a female, but the certificate does not show that the deponent made oath to it. It is very clear from the statute above cited and from the decisions in this state, that the certificate of the authority taking the deposition must show that the person, making the deposition, made oath to it as prescribed by the statute; and this being matter of substance, its omission can not be obviated by parol testimony. *Chipman* v. *Tuttle*, 1 D. Chip., 179; *Pingry* v. *Washburn*, 1 Aik., 264.

As to the cause of taking the deposition. The third subdivision of section 3 of chapter 36 of the General Statutes, provides that the deposition of a witness may be taken, " when, by reason of age, sickness, or other bodily infirmity, he is rendered incapable of traveling and appearing at court." The magistrate says, " the deponent being in feeble health is the cause of taking the deposition." The words " *being in feeble health*" import that the person, in such health, is weak, sickly, debilitated by disease, or by age or decline of life. But the difficulty is, the magistrate omitted to certify that the feeble health of the witness rendered her incapable of traveling and appearing at court. It is claimed by the defendants' counsel that parol evidence is admissible to show that the witness was too sick to attend court. We think the evidence offered on this point was properly rejected. To require or allow the trial of the merits of a cause to be suspended, in order to supply, by parol evidence, any omission in the certificate or caption of a deposition offered in evidence, would be intolerable. It must appear that the deposition was taken for a statute cause, and the certificate of the magistrate must show *prima facie* that the statute cause for taking the deposition existed at the time of taking it. The statute, under which the deposition in question was taken, does not make the age, sickness, or other bodily infirmity of the witness a cause for taking his deposition, unless he is thereby rendered incapable of traveling and appearing at court. In order to have made the deposition of Sylvina Annis

*prima facie* admissible, in respect to the cause of taking it, it should appear from the certificate of the magistrate, not only that she was then in feeble health, but also that her feeble health rendered her incapable of traveling and appearing at court.

The judgment of the county court is affirmed.