## SMITH and another vs. STRINGHAM.

*Evidence — Deposition taken before notary in another state.*

1. A justice's court cannot admit in evidence a deposition taken out of the state before a notary, although the adverse party had notice of the taking, and opportunity for cross-examination.
2. But where the cause is tried *de novo* on appeal from the justice, the appellate court has discretion to receive the evidence, under sec. 28 ch. 137, R. S.

APPEAL from the County Court of *Winnebago* County.

This action was commenced before a justice of the peace of said county, to recover for a chest of tea, belonging to the plaintiffs, and alleged to have been converted by defendant. The justice rendered a judgment for the defendant, from which the plaintiffs appealed to the county court of said county. The printed case does not show what evidence was used before the justice; but it appears from the opinion that plaintiffs were permitted, against objections, to read in evidence the deposition of Mr. Harger, hereinafter mentioned. The cause was tried *de novo* by the county court, and the evidence for the plaintiffs included their own depositions and that of Mr. Harger, taken before a notary public in the state of Illinois. The plaintiffs deposed, in substance, that in March, 1867, they shipped from Chicago to Mr. Harger, in Oshkosh, a half chest of tea, at the request of one Cadwell, who was in their employ, but without any order from Harger; that it was of a specified amount and value; that Harger soon after called at their store in Chicago, and told them he did not want the tea, as he was about leaving Oshkosh, etc.; that he had left it in the hotel at Oshkosh (which he had been keeping), and plaintiffs could get it there. Harger's deposition stated that a half chest of tea arrived at his hotel in Oshkosh

in March, 1867, sent by Cadwell; that he (deponent) never ordered it; that he wrote to Cadwell saying he was about to move away and would not want the tea, and that it was then at his house (hotel), subject to the order of the owners; that the tea was still in the house when deponent left, early in April, 1867, the package never having been opened, or in any way disturbed, while in his possession; that when he left the house, defendant took possession, and the tea remained in the house with other things that were left — which other things were the property of the defendant, and had been there when defendant went into the house; and that deponent did not dispose of any thing to defendant except some wood, and nothing was said between them about the tea. A witness for plaintiffs then testified that, before the commencement of this action, he presented to defendant their account for the tea, and demanded payment, and he refused payment, and denied that he had ever had the tea. Plaintiffs then called defendant as a witness, and he testified that he recollected the chest of tea in dispute, and presumed it was used in his hotel. "It was not a full chest. Bellinger told me there was a chest of tea partly used up, in the store-room. I told him to use it, and I would settle with Harger."

A motion for a nonsuit was denied. Defendant's evidence tended to show that no demand was ever made upon him for the tea, but only for payment; and also that Cadwell had told defendant that the tea in question had been ordered by Harger from said Cadwell, who was plaintiffs' agent for the sale of goods, etc. The court found the facts as alleged in the complaint; and rendered judgment against the defendant; from which he appealed.

*Earl P. Finch*, for appellant, contended that there was no authority for taking depositions before a notary in an action pending in a justice's court, or any other

court; citing R. S., ch. 120, sec. 72, and ch. 137, secs. 7–9. He also contended that the evidence showed, first, that the tea belonged to Harger; secondly, that it was never demanded from defendant; thirdly, that the tea used by defendant was not a whole chest, but only a portion of one.

*C. Coolbaugh*, for respondents, argued that after defendant had disposed of the tea, so that he could not deliver it to plaintiffs, this action could be maintained without showing any demand for it. *Powers v. Bassford*, 19 How. Pr. 309; *Bristol v. Burt*, 7 Johns. 254; *La Place v. Aupoix*, 1 Johns. Cas. 406; *Everett v. Coffin*, 6 Wend. 604–608. 2. The fact that Cadwell told defendant that the tea had been sold to Harger, is not evidence. 1 Phil. Ev. (1st ed.), 228; *Persons v. Burdick*, 6 Wis. 63; *Davis v. Henderson*, 20 id. 520.

DIXON, C. J. The deposition of the witness Harger, taken before a notary public in the state of Illinois, though it may not have been admissible before the justice of the peace, was admissible before the county court. Section 28 of chapter 137 of the Revised Statutes provides, that "all depositions and affidavits taken out of the state in any other manner than is prescribed in the three preceding sections, if taken before any notary public or other person authorized by the laws of any state or country to take depositions, may be admitted or rejected, at the discretion of the court; *provided*, that no such deposition or affidavit shall be admitted unless it shall appear that the adverse party had sufficient notice of the taking thereof, and opportunity to cross-examine the witness." It appears from the judgment roll that sufficient notice of the time and place of the taking of the deposition was given to the defendant; and it was, therefore, a matter of discretion with the county court to admit the deposition, which cannot be assigned for error here. This provision of the statute was alluded to by

this court in *Lightfoot v. Cole* (1 Wis. 39, 40), and in *Wanzer v. Hardy* (4 id. 229); in both of which cases it was assumed that the court might, in its discretion, admit depositions so taken. The language of the statute is certainly too clear to allow any other construction.

The deposition having been properly admitted, the fact that the chest of tea came to the possession of the defendant was very clearly established. In truth, the defendant did not pretend to deny it. He testified that he recollected of the chest of tea in dispute, and presumed it was used in his hotel. And his further statement that it was not a full chest — that Bellinger told him it was partly used up — was not sufficient proof of that fact. It was but hearsay evidence, and proved nothing. It did not, as the defendant's counsel seems to suppose, contradict the testimony of the witness Harger that the chest was unopened when it came to the possession of the defendant. Besides, it does not appear when the conversation between the defendant and Bellinger took place. It may have been a considerable time after the tea was left in possession of the defendant by Harger, and so the chest have been opened, and the tea used in the hotel, by some of the servants or employees of the defendant. The defendant testified that the tea, whether a full or only partly filled chest or package, was used by his direction; and, on the whole, we are of opinion that the findings of the court were sustained by the evidence, and that the judgment ought not to be disturbed.

*By the Court.* — Judgment affirmed.