Bacon vs. Bacon.

## BACON vs. BACON.

DEPOSITION. (1-3) *Form of oath, when deposition taken out of the state.*
REVERSAL OF JUDGMENT. (4, 5) *In cases tried by court alone, when judge's finding of fact will be reversed.*

1. Where the statutes prescribe a *form of oath* to be administered to a witness whose *deposition is taken out of the state*, that form must be observed, or the deposition will be suppressed.
2. In this state no statute or rule of court prescribes the form of oath to be administered in such a case; Rule 61 of the C. C. Rules merely requiring the commissioner to certify in his return "that the witnesses were *duly* sworn or affirmed before giving their evidence."
3. The witnesses in depositions taken by commission without the state being limited to answer the written interrogatories, if the commissioner certifies that previous to the examination they were sworn to testify the truth, the whole truth and nothing but the truth, *in answer to the interrogatories to be propounded* by him in the action, that is sufficient.
4. A judgment of the circuit court based upon and sustained by its find

ing of fact, will not be reversed unless there is at least a preponderance of evidence against such finding. *Murphy v. Dunning*, 30 Wis., 296.

5. In an action to reform a deed by striking out the name of defendant and inserting that of plaintiff as grantee, on the ground that plaintiff was named as grantee in such deed when it was executed, but it had been corruptly altered afterwards, the defendant, the two grantors who executed the deed, the two attesting witnesses (one of whom was the officer who took the acknowledgment), and one other person, all of whom were present at the execution, and all credible witnesses, testified that plaintiff's name had been stricken out and defendant's name inserted before the execution; and the circuit court so found. *Held*, that this court will not reverse the judgment in defendant's favor, although several respectable witnesses testified to facts tending to sustain the complaint.

APPEAL from the Circuit Court for *Rock* County.

The parties were husband and wife for many years, and until February, 1871, when they were divorced at the suit of the plaintiff. On the 3d day of September, 1870, the defendant caused to be recorded in the office of the register of deeds of Dane county, a deed of certain lands in that county, executed September 21, 1865, by Parker Rowley and Mary, his wife, in which deed the defendant is named as the grantee of such lands. The plaintiff claims that this deed was executed to her, and that, since its execution, her name as grantee therein has been fraudulently erased, and that of the plaintiff inserted in its stead; and she brings this action to have the title to such lands confirmed in her by the judgment of the court, and also to have the deed and the record thereof corrected by striking out the name of the defendant, and inserting therein her name, as the grantee of such lands.

The defendant admits that when the deed was drawn the name of the plaintiff was inserted therein as the grantee, but alleges that, for a reason which he states, her name was erased and his inserted in place of it, before the conveyance was executed. The land was paid for by the defendant with his own means.

On the trial, the plaintiff and a daughter of the parties testified that they saw the deed and read it on the day it was executed, and that the plaintiff's name was then in it as grantee. The same daughter and two others, and a son and son-in-law of the parties, testified that they each saw the deed in 1870, and before it was recorded (some of them say about the 18th of August in that year), and that the plaintiff's name was then in the deed as grantee.

On the other hand, the defendant, Parker Rowley and Mary Rowley, the grantors, William H. Bacon and Lyman Bacon, who attested the deed (the latter being the notary before whom it was acknowledged), and Esther M. Allen, a daughter of Mr. Rowley, all of whom were present when the deed was executed, testified that when executed the name of the defendant was in the deed as grantee, and some of them testify to a conversation concerning the alteration of the name of the grantee therein, which they state had been previously made, and which was apparent upon the face of the deed.

There was some other testimony of extrinsic facts and circumstances introduced by both parties, which it was claimed tended to corroborate their respective theories of the case, but which it is deemed unnecessary to set out more fully. It should be stated, perhaps, that Lyman Bacon is a brother of the defendant, but Wm. H. Bacon is not a relative of the parties.

Mr. and Mrs. Rowley, Mrs. Allen and Wm. H. Bacon are now residents of Iowa, and their depositions were taken by commission on written interrogatories. A motion to suppress these depositions was made in the circuit court, and denied, and they were read in evidence on the trial. The grounds of the motion are stated in the opinion.

The circuit court found as a fact that the alteration of the name of the grantee in the deed was made before its execution, and gave judgment for the defendant, confirming his title to the land in controversy, and dismissing the complaint with costs.

From this judgment the plaintiff appealed.

*Smith & Lamb*, for appellant :

"Every alteration on the face of a written instrument *detracts from its credit*, and renders it suspicious ; and this suspicion the party claiming under it is ordinarily held *bound to remove.*" 1 Greenl. Ev., § 564 ; *Newcomb v. Presbrey*, 8 Met., 406. "And it is agreed by all the cases that where the alteration appears to be suspicious on its face, and is *not duly noted*, as if the paper have been cut close, or a mutilated figure be left, or the ink differ, or the *handwriting* be that of a *holder interested in the alteration*, etc., the onus lies with the party who claims the alteration is genuine." C. H. & E.'s Notes to Phillipps' Ev., vol. 1, pp. 606-7 ; *Bishop v. Chambre*, 3 C. & P., 55 ; *Nunnery v. Cotton*, 1 Hawks, 222 ; *Jackson v. Osborn,* 2 Wend., 555 ; *Jackson v. Jacoby*, 9 Cow., 125, 126 ; *McMicken v. Beauchamp*, 2 Miller, 290 (1 La. Rep., 2d ed., 381). And "the party affirming the paper to be genuine must furnish so much evidence as to leave a balance of proof in favor of the genuineness of the instrument, after making all the allowance for the proof adduced on the other side, to produce a contrary conviction." *Ross v. Gould*, 5 Greenl. R., 204 ; *Brooks v. Barrett*, 7 Pick., 94, 99, 100 ; 1 Phil. Ev., 810, note 220. These fundamental rules as to the burden of proof are important here, because, (1.) These parties having lived together on a farm, of which the land here in question was a part, as husband and wife, continuously from the time this deed was made until near the time when this suit was commenced, "possession does not furnish the same test as to title between them, as it would when applied to strangers." *Stanton v. Kirsch*, 6 Wis., 341. (2.) In a cause tried as this was, the duty is devolved upon this court "to examine the testimony, and decide the questions of fact according to the evidence." *Fisher v. Farmers' L. & T. Co.*, 21 Wis., 73 ; *Walsh v. Dart*, 23 id., 334. Counsel then analyzed and commented upon the evidence at length, contending not only that there was not a balance of evidence in favor of the defendant,

on whom the burden of proof lay, but that the balance of evidence was strongly in favor of the plaintiff. (2.) To the point that the depositions offered by defendant should have been excluded, because the witnesses were not properly sworn, they cited 2 Tay. Stats., 1588, § 19 ; *Pingny v. Washburn*, 1 Aiken (Vt.), 268 ; *Fabyan v. Adams*, 15 N. H., 371 ; *Parsons v. Huff*, 38 Me., 137 ; *Lund v. Dawes*, 41 Vt., 370.

*Wm. F. Vilas*, for respondent, as to the admissibility of the depositions read, cited *Horton v. Arnold*, 18 Wis., 212. As to the burden of proof, he argued that plaintiff charged the defendant with the crime of forgery, and was bound to establish the charge beyond any reasonable doubt. *Pryce v. Security Ins. Co.*, 29 Wis., 276–7 ; *Freeman v. Freeman*, 31 id., 240. He also contended that the balance of evidence was strongly in defendant's favor.

LYON, J.    I. The motion on behalf of the plaintiff to suppress the depositions taken in Iowa at the instance of the defendant, was founded upon several alleged irregularities in the taking of the same. But one of these is insisted upon here. The commissioner before whom the witnesses were examined, states in his certificate annexed to the depositions, as follows : " Previous to the commencement of said examination, the said witnesses were duly sworn by me as such commissioner, to testify the truth, the whole truth, and nothing but the truth, *in answer to the interrogatories to be propounded* by me in an action in the circuit court," etc., describing this action. The form of the oath administered to the witnesses, is the form which the printed instructions annexed to the commission directed the commissioner to use. It is urged by counsel for the plaintiff that the deponents should have been sworn to testify the truth, the whole truth, and nothing but the truth, *relating to this cause.*

If there is any statute which prescribes the form of oath to be administered to a witness whose deposition is taken out of

this state, that form must be employed or the deposition will be suppressed. The cases cited by counsel for defendant so hold. In all of them the decisions turned upon a statute prescribing the form of the oath, and certificate. Those cases are *Fabyan v. Adams*, 15 N. H., 371; *Parsons v. Huff*, 38 Maine, 137; *Lund v. Dawes*, 41 Vt., 370. The statutes of New Hampshire, and probably of Maine and Vermont, provide that "every witness shall subscribe his deposition, and shall make oath that such deposition contains the truth, the whole truth, and nothing but the truth, relative to the cause for which it was taken."

In this state we have no statute or rule of court which prescribes the form of an oath to be administered to a witness whose deposition is taken out of the state, except that circuit court rule 61 requires the commissioner to certify in his return, "that the witnesses were *duly* sworn or affirmed before giving their evidence." Sec. 14 of ch. 137, R. S., which enacts that "the deponent shall be sworn to testify the truth, the whole truth, and nothing but the truth, relating to the cause for which the deposition is taken," relates only to depositions taken within this state. As the witness is usually examined upon oral interrogatories when his deposition is taken within the state, and as his examination may relate to all the facts in the case, the form of oath prescribed by the statute seems best adapted to cover and· include within its obligations all matters to which the witness may testify.

But when the matters to which the witness will be permitted to testify, are limited by written interrogatories, as in this case, there seems to be no good reason for making the oath any broader than his testimony. When the witness is sworn to testify the truth, the whole truth, and nothing but the truth, in answer to the interrogatories to be propounded to him, all that he can be permitted to testify, is necessarily testified to under the sanctions and obligations of his oath. He can only answer the interrogatories, and he has sworn to answer them truly.

It seems to us that in the absence of any statutory form of

oath in such cases, the oath administered to the Iowa witnesses is sufficient; that they were *duly* sworn before they gave their testimony ; and hence that the circuit court correctly refused to suppress their depositions.

II. On the main question of fact in the case, that is, whether the name of the defendant was inserted as grantee in the deed from Rowley and wife before or after such deed was executed, we have considered the testimony with care. An elaborate discussion of the question here would serve no useful purpose, and hence but little more will be said upon it than is necessary to announce the conclusion to which our minds have been impelled.

The grantors who executed the deed in question, the defendant, whose name now is in it as grantee, both attesting witnesses (one of them being the officer before whom it was acknowledged), and one other witness, all of whom were present when the deed was executed, testify positively that the name of the defendant was in it as grantee when it was executed. Except the defendant, it does not appear that either of these witnesses has the slightest interest in the event of this litigation, and only one of them is a relative of the defendant. There is no reason to believe, or even to suspect, that they are not all reputable witnesses, whose testimony is entitled to credit. Some of them, especially Mr. Rowley and Mrs. Allen, detail what occurred when the deed was executed with such particularity, that there is but little room to doubt the accuracy of their statements.

Before we can reverse this judgment, based, as it is, upon a finding of fact, we must be satisfied that there is at least a preponderance of testimony against such finding. *Murphy v. Dunning*, 30 Wis., 296. It would be very difficult, indeed, to produce an array of testimony which would preponderate over that upon which the finding of the circuit judge is predicated. Who ever heard of a case where a court has corrected a deed for an alleged mistake or alteration, when the testimony of the

party who denies the error or alteration is sustained by the positive testimony of the grantor or grantors who executed the deed, the attesting witnesses thereto, and the officer before whom the same was acknowledged, all of them being credible and disinterested witnesses? No such case has come under our observation.

It is cheerfully conceded that the children of the parties who testified for the plaintiff, are entirely reputable, and that they testified honestly. Yet their testimony fails, in our opinion, to create a preponderance in favor of the plaintiff.

There are some collateral facts proved by each party, tending in some degree to sustain her or his theory of the case. But these are, in our opinion, very nearly in equipoise, making as much in favor of one party as of the other.

We find ourselves entirely unable to say, from the whole testimony, that there is a preponderance thereof tending to show that the deed was changed after it was executed. Hence we cannot disturb the finding and judgment of the circuit court.

*By the Court.* — Judgment affirmed.