CROSS vs. BARNETT.

*November 29 — December 16, 1884.*

DEPOSITIONS. *(1, 2) Form of oath: Certificate: Presumption. (3) Objections to validity when made.*

1. If the commissioner before whom a deposition is taken out of the state certifies merely that the witness was duly sworn before giving his evidence, it will be presumed that the oath was administered in the form and manner prescribed by Circuit Court Rule XVIII. But if, in addition, the commissioner gives, in his return, the form of the oath administered, no presumption arises that the oath was administered in the required form.

2. Thus, where the commissioner certifies that the witness "being duly sworn by me *to tell the truth and nothing but the truth,* was examined," etc., there is no presumption that the proper oath was administered, and the deposition is inadmissible.

3. Where a motion to suppress a deposition, made before the trial, was overruled, it is not necessary to renew at the trial the objections to its validity or admissibility.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion. There was a verdict

for the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Pike & Van Keuren*, and oral argument by *Mr. Pike*.

*F. W. Houghton*, for the respondent.

TAYLOR, J. This was an action of ejectment. On the trial in the circuit court the plaintiff obtained judgment. The defendant claimed title by virtue of a conveyance from George W. Beckwith to himself, made shortly before the commencement of the action; a conveyance from Ansel A. Cross and wife to himself; and upon an adverse possession under claim of title by himself and his grantors, Ansel A. Cross and wife, for more than twenty years before the commencement of the action. The plaintiff claimed title under George W. Beckwith, alleging conveyances from said Beckwith to C. W. Watson (made long previous to the conveyance to the defendant), from Watson and wife to Henry A. Beckwith, and from Henry A. Beckwith to the · plaintiff. On the trial it was claimed by the plaintiff that the conveyance from George W. Beckwith and wife to Watson had been in fact executed, acknowledged, and delivered, but had not been put upon record, but had been lost or destroyed. To establish his title it was necessary to prove the fact of the execution and delivery of such deed. To do that he caused a commission to be issued by the circuit court, directed to one Joseph Donaldson, at Northfield, Rice county, Minnesota, to take the testimony of C. W. Watson, who was then a resident of said state. The commission was issued, and the deposition taken and returned to the clerk of the court. After the deposition was returned, the defendant, before the commencement of the trial of the action, duly objected to the validity and admissibility of such deposition as evidence on the trial, for the following reasons: "(1) That the com-

missioner did not comply with the rule of court in the matter of signing the deposition on each page thereof; (2) that the certificate of the commissioner shows that there was no such oath administered to the witness as is required by statute; (3) that there was administered to the witness no oath to make true answers to the interrogatories attached to the commission; (4) that the oath administered to the witness did not require him to tell the truth in regard to any particular cause in answer to said interrogatories;" and for the reasons above stated moved to suppress such deposition, as provided by sec. 4091, R. S. 1878.  The objections to the deposition were overruled by the court, and the defendant duly excepted; and on the trial the court permitted such deposition to be read as evidence on the part of the plaintiff.

Secs. 4113–4116, R. S. 1878, authorize the issuing of a commission by a court of record to take the testimony of a witness residing out of the state, to be used in an action pending in such court.  These sections of the statute do not prescribe the manner of executing the commission, nor of its return; but the way in which the commission shall be executed and returned to the court issuing the same is prescribed by the rules of the circuit court.  See Rule XVIII. Secs. 4, 5, and 6 of said rule prescribe the manner of taking the deposition and of its return.  Sec. 5 of said rule, among other things, provides that "the commissioner shall publicly administer an oath to each witness named in the commission that the answer he shall make to each of the interrogatories propounded to him shall be the truth, the whole truth, and nothing but the truth. . . . And the commissioner shall subscribe his name at the foot of each page of the testimony."  And further, that "the commissioner shall certify in his return that each witness was duly sworn or affirmed before giving his evidence, and shall also state the time when the testimony was taken."

Cross vs. Barnett.

The statutes nowhere prescribe the form of an oath which shall be administered to a witness whose deposition is taken upon a commission issued out of a court of record to a commissioner residing in another state or territory. Sec. 4112, R. S. 1878, has no reference to the depositions of witnesses taken out of the state upon a commission issued out of a court of record. It relates only to depositions of such witnesses when taken upon notice, without any commission issued. The rule above quoted does prescribe the form of such oath, and in order to make the deposition admissible as evidence the oath should be administered substantially in the form prescribed. The rule does not require the commissioner to certify in his return to the commission that he administered the oath to the witness in the form prescribed, but simply to certify that the witness was duly sworn or affirmed before giving his evidence; and when the commissioner so certifies it will be presumed that he administered the oath in the form prescribed by the rule. The rule is always annexed to the commission for the information and direction of the commissioner; and when he makes the certificate in the form prescribed by the rule, it will be presumed that the oath prescribed by the rule was publicly administered to the witness as required. See *Wanzer v. Hardy*, 4 Wis. 229; *Smith v. Stringham*, 24 Wis. 603; *Horton v. Arnold*, 18 Wis. 212; *Sydnor v. Palmer*, 29 Wis. 226; *Bacon v. Bacon*, 33 Wis. 147. The old circuit court rule No. 61 did not prescribe the form of oath to be administered to the witness, but required the commissioner to certify that the witness was duly sworn, and it was under this old rule that the decisions above cited were made. It is true that in the case at bar, in the caption at the head of the interrogatories and answers of the witness as written down by the commissioner, it is recited "that the said C. W. Watson, being duly sworn, makes answer to the several interrogatories propounded as aforesaid in the following words:" but appended

to the deposition, and at the end thereof, is the following certificate and return:

" *To the Circuit Court of Winnebago County, of the State of Wisconsin:* The undersigned, a notary public appointed by your honorable court to examine C. W. Watson, a witness in the cause, respectfully shows that the said witness attended before me, and being duly sworn by me to tell the truth, and nothing but the truth, was examined by me on the interrogatories herewith returned; that the answers of the said witness thereto are truly stated in the accompanying deposition signed by him, and I certify and return that this deposition was fully read over by the said witness, C. W. Watson, and by him signed in my presence, July 31, 1883.

" Witness my hand and seal this 31st day of July, 1883, at Northfield, Rice county, Minnesota.

[Seal.]    . "JOSEPH DONALDSON,
" Notary Public, Rice County, Minnesota,
" Commissioner to take Deposition."

It must be held, we think, that in this certificate and return of the commissioner the form of the oath actually administered to the witness is truthfully stated. Had the commissioner intended only to certify in the general terms required by the rule he would have used such terms; but having given in his return the form of the oath administered, we cannot presume that the oath directed to be administered by the rules attached to the commission was administered. The deposition as returned showing affirmatively on the face of it that the witness was not sworn as required by the rules regulating the taking of the deposition, it was clearly irregular and defective, and should have been suppressed on motion of the defendant. *Baxter v. Payne,* 1 Pin. 501; *Goodhue v. Grant,* id. 556; *Bacon v. Bacon,* 33 Wis. 151, 152; *Fabyan v. Adams,* 15 N. H. 371; *Parsons v. Huff,* 38 Me. 137; *Lund v. Dawes,* 41 Vt. 370.

Whether the neglect of the commissioner to sign his name at the foot of each page of the deposition would have been a sufficient cause for rejecting the same we need not determine. The better practice is undoubtedly to so sign the same, and it is the plain duty of the commissioner to conform in this respect to the direction in the rules which are attached to the commission for his information.

It was insisted by the learned counsel for the respondent, on the argument in this court, that the judgment ought not to be reversed although the deposition was not admissible in evidence, for the reason that, independent of the testimony of the witness Watson, the evidence was conclusive as to the right of the plaintiff to recover in the action. It is a complete answer to this claim, now made apparently for the first time, that the circuit judge did not so understand the evidence on the trial. By looking into his charge we find that he expressly instructed the jury that if they failed to find that the plaintiff's evidence showed a conveyance of the land from George W. Beckwith to C. W. Watson, as claimed by the plaintiff, then they should find a verdict for the defendant. We do not think we would be justified, in that condition of the case, in holding that the evidence disclosed a perfect title in the plaintiff without the proof of the conveyance from George W. Beckwith to C. W. Watson.

Having made a motion to suppress the deposition before the trial, as prescribed by sec. 4091, R. S. 1878, it was not necessary to make the same objections again on the trial when the deposition was offered in evidence. If the objections to the validity or admissibility of the deposition were made for the first time on the trial, the court would not be authorized to hear them (see same section, 4091, R. S.); and having made such objections at the time and in the manner prescribed by law, and the court having overruled them, there would seem to be no reason for requiring the party to renew such objections at a time when the court would not

be authorized to pass upon the merits of such objections. *Palms v. Richardson*, 51 Mich. 84.

. *By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.