McDonald, Appellant, vs. Estate of Kelly, Respondent.

*November 3 — November 22, 1887.*

*Settlement of claim: Evidence to sustain finding.*

A finding of the trial court that a claim for money paid on a contract for the purchase of land which the vendor afterwards sold and conveyed to another person, had been settled and adjusted during the life-time of the vendor, is *held* to be sustained by the evidence.

APPEAL from the Circuit Court for *Marathon* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Cate, Jones & Sanborn*, and oral argument by *Mr. Jones*.

For the respondent there was a brief by *Reed & Lines*, and oral argument by *Mr. Reed*.

Cole, C. J. This appeal involves merely questions of fact upon the evidence which was given in the court below. The appellant presented in the county court a claim for $2,000 against the estate of N. T. Kelly, which claim was allowed. From this allowance an appeal was taken to the circuit court, where the cause was tried by the court, a jury having been waived. The claim was for $2,000 paid by

the appellant on a contract for the purchase of real estate which the vendor afterwards sold and conveyed to another party. To prove his claim, the appellant produced a receipt signed by Kelly, stating that the $2,000 was received in part payment of property sold. The receipt was dated October 13, 1881. It appeared that Kelly sold and conveyed the property to another purchaser October 21, 1881. Kelly died January 26, 1884. Among other findings of fact, the circuit court found that this claim was settled or adjusted between the parties in the life-time of Kelly, and reversed the order of the county court allowing the claim. It is now said that this finding is without any testimony to sustain it.

The objection calls for an examination of the evidence, which we have made. After such examination we cannot agree with counsel that the finding is wholly without proof to sustain it. It is said the receipt is conclusive evidence that the money was paid to Kelly, and the burden of showing that it had been settled and adjusted in some way was upon the representatives of the estate. We shall enter upon no discussion of the testimony, as it would subserve no useful purpose. But we will allude to one or two considerations arising upon the facts which are well established, which tend to justify the conclusion reached by the court below. Kelly was a man, as Mr. Reed testified, abundantly able to pay this claim at any time. The appellant was insolvent; that is, in July, 1883, judgment against him for a small amount could not be collected. In supplemental proceedings taken to collect this judgment, the appellant swore, as the commissioner testified, that he had no interest in any real estate nor property or money out of which he could pay the judgment. If the claim in question had not been settled when appellant gave this testimony, he was guilty of swearing falsely. He makes an explanation about that testimony in order to overcome or destroy the inference

McDonald vs. Estate of Kelly.

which would naturally be made from it, but the explanation shows that he did not disclose the real truth about his ability to pay if the claim which he now makes was never settled.   Besides, the appellant and Kelly lived in the same place, must have seen each other often, and it is strange that this claim was allowed to stand twenty-seven months without any serious effort being made to collect it, if it was still unsettled.   True, the witness Livermore testified that the claim was in his hands for collection, and that he spoke to Kelly about it at a certain place and time in November, 1883, and that Kelly replied: "Let that go now."   There was no recognition of the claim by Kelly, and no promise made to arrange it.   Livermore is directly contradicted by Reed, who states very positively that no such conversation was or could have been had at the time and place as testified to by him.   Now, while there is perhaps no positive or direct evidence of the settlement of this claim in the lifetime of Kelly, there is very strong presumptive proof of the fact.   The effect of the evidence depends in some degree upon the statements of witnesses who were sworn and testified on the trial.   The circuit judge had the advantage of seeing the witnesses and their manner of testifying.   He was in a better position than the members of this court can be to judge of the weight or credibility which should be given their conflicting statements.   The rule is well settled and very familiar that this court refuses to disturb the findings of the trial court on questions of fact unless they are against the clear preponderance of testimony.   That rule must be applied here.

*By the Court.*— The judgment of the circuit court is affirmed.