Nicholson vs. Coleman and another.

NICHOLSON, Appellant, vs. COLEMAN and another, Respondents.

*September 5 — September 26, 1895.*

*Waste: Cutting of timber by mortgagor: License: Evidence.*

1. In an action by a mortgagee to restrain waste by the mortgagor, the evidence is *held* to support findings of the trial court that the mortgagor had a license, given both before and after the mortgage was delivered, to cut the wood from the premises, and that no waste other than such cutting had been committed.

2. In such action, evidence of the removal of personal property which had been sold with the land by the mortgagee to the mortgagor but was not covered by the mortgage, was properly excluded.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

Action to restrain waste. The facts are stated in the opinion. The plaintiff appeals from a judgment dismissing the complaint.

*B. E. Van Keuren,* for the appellant.

For the respondents the cause was submitted on the brief of *J. S. Maxwell.*

MARSHALL, J. The facts necessary to present the questions raised are substantially as follows:

In October, 1893, *Henry W. Nicholson,* appellant, sold to *Daniel B. Coleman,* one of the respondents, a farm, together with some personal property, consisting principally of live stock and crops raised on the farm, and machinery, for the sum of $10,000, and paid on such purchases in cash $3,700. For the balance the vendee gave promissory notes, secured by a mortgage on the farm. Subsequently *Frank Hurd,* while in possession of the mortgaged premises under *Coleman,* and by his authority, before any payment had been made on the notes, cut therefrom ninety cords of wood, worth $180, which wood was standing piled on the land at

Nicholson vs. Coleman and another.

the time of the trial. Some other acts were done by the respondents alleged to constitute waste. At the time of the commencement of the action the security was worth about $7,800, and the amount due on the notes and mortgage was somewhat less.

The trial court found that *Coleman* had a license to cut the wood from the mortgaged premises, and apply the proceeds from a sale of the same on the notes; and that no waste had been committed, other than the cutting of wood under such license. Appellant's counsel challenges such findings, but they must be sustained unless contrary to the clear preponderance of evidence. *Bacon v. Bacon,* 33 Wis. 147; *Tallman v. Fitch,* 49 Wis. 197; *McDonald v. Estate of Kelly,* 70 Wis. 108; *Carroll v. Little,* 73 Wis. 52. We think the evidence supports the findings excepted to, and shows that *Coleman* had a license to cut the wood, given both before *and after the mortgage was delivered.*

The evidence to show that personal property included in the sale to respondent had been removed from the farm was properly excluded. The mortgage did not cover such property; therefore its removal could not, in any event, constitute waste.

If follows that the judgment dismissing the complaint was clearly proper and should be affirmed.

*By the Court.*— The judgment of the county court is affirmed.