Loeb and another vs. O'Brien.

Loeb and another, Appellants, vs. O'Brien, Garnishee, Respondent.

*April 16 — May 1, 1896.*

*Debtor and creditor: Fraudulent conveyance: Evidence: Appeal.*

Findings of the trial court to the effect that a transfer of property
    was not fraudulent as to creditors will not be disturbed on appeal
    unless there is a clear preponderance of the evidence against them.

Appeal from a judgment of the circuit court for Rock
county: John R. Bennett, Circuit Judge. *Affirmed.*

Garnishment. The plaintiff *Loeb* and others were creditors of one Allen, who was operating an hotel at Janesville
up to the 28th day of February, 1894. On the 1st of March,
1894, the plaintiffs sued Allen in justice's court, and garnished *O'Brien.* They obtained judgment against Allen,
March 9, 1894, for $141.71, damages and costs; and on the
4th day of April, 1894, they also obtained judgment against
the garnishee for the full amount of the main judgment and
costs. From this judgment the garnishee appealed to the
circuit court, where the action was tried by the court without a jury. The circuit judge found as facts that the garnishee was not indebted to Allen, and did not have any of
Allen's property in his possession or under his control, at
the time of the service of the garnishee summons, and rendered judgment in favor of the garnishee, from which the
plaintiffs appealed.

For the appellants there was a brief by *Dunwiddie &
Wheeler,* and oral argument by *B. F. Dunwiddie.*

For the respondent there was a brief by *Sutherland &
Nolan,* and oral argument by *T. S. Nolan.*

Winslow, J. The plaintiffs' claim was that at the time of
the service of the garnishee summons the garnishee was in

possession of the furniture of the hotel by virtue of a bill of sale thereof from Allen which was fraudulent as to Allen's creditors. The evidence showed that on the 27th day of February, 1894, Allen made a bill of sale of the hotel furniture to *O'Brien* for the expressed consideration of $575, and that on the same day *O'Brien* executed a bill of sale of the same property to one Charles M. Price for the same expressed consideration; that Allen left the city upon the following day, and that his wife followed him a few days later; and that Price took possession of the property on or about March 4, 1894. There was evidence tending to show that these transactions were *bona fide* transactions; that *O'Brien* paid Allen full value for the property, and took the title in good faith and pursuant to a valid agreement between Price and Allen, by which *O'Brien* was to take and pay for the property and hold it for a few days, when Price would be ready to take and pay for it. There was also evidence tending to show that the transfer to *O'Brien* was a mere cover and fraudulent as to creditors; but we are unable to say, after examination of the testimony, that there was a clear preponderance of evidence against the findings of the circuit judge. The judgment must therefore be affirmed.

*By the Court.*— Judgment affirmed.