HUGUIER, Administrator, Respondent, vs. LORD, imp., Appellant.

*May 5 — May 24, 1898.*

*Appeal: Review on evidence.*

On appeal, where the only questions are whether the findings of fact are correct upon the evidence, the judgment will not be disturbed unless the preponderance of evidence is clearly against such findings.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to recover the amount due on a $1,500 promissory note dated June 25, 1892, due July 1, 1895, made by defendants, payable to Anders Pederson or order, and alleged to have been by him, for value, before maturity, duly indorsed and transferred to plaintiff's intestate, Annie Huguier. The important disputed questions, under the pleadings and evidence, were whether Annie Huguier became the *bona fide* owner and holder of the note, so as to cut off defenses thereto in favor of the makers as against the payee, Anders Pederson, and if not, whether the note was void for want of consideration.

The case was tried by the court, and resulted in findings in plaintiff's favor on both questions mentioned, and that while Pederson owned the note, and was indebted to plaintiff's intestate on a $6,000 note secured by a real-estate mortgage, she partially released such mortgage in consideration of Pederson's transferring to her, as collateral security for the payment of her $6,000 note, the note in suit; that the transfer was made by delivering the note, duly indorsed, to John A. Bardon, agent for Annie Huguier; that after such transfer Pederson died, and thereafter the note was delivered by Bardon to the plaintiff; that the amount due on the debt, for which the note was turned out as security, at the

time.of the trial, exceeded the amount due on the note in suit, and that therefore plaintiff was entitled to judgment for the principal and interest due on the collateral note, amounting to $2,076.66.

The evidence shows that about the time the agreement was made to give Annie Huguier collateral security in consideration of her releasing a part of the mortgage security she held as aforesaid, the note in question was in the hands of John A. Bardon, as cashier of the Bank of Superior, and that, for the purpose of temporarily carrying out such agreement, Pederson made and left with Bardon an instrument of which the following is a copy:

"Superior, Wis., June 19th, 1893.

"In case of my death (before a more satisfactory adjustment of this loan), I hereby assign as col. security to Mrs. A. Huguier, or in case of her death, to her son *August Huguier* the within contracts, promissory notes, insurance policies, etc., now left in charge of John A. Bardon as my attorney to complete said transfer and assignments.

[Signed]    "A. PEDERSON."

The evidence further shows that some time after the making and leaving of such paper as aforesaid, and while Mr. Pederson was in his last sickness, Mr. Bardon took the note in question to him for the purpose of having a transfer thereof made to Annie Huguier so that she would actually hold the title thereto as collateral security for the payment of the $6,000 note; that to effect such purpose, Pederson indorsed the said note in blank and delivered the same back to Mr. Bardon as agent for Annie Huguier; that he retained the same as such agent till after Pederson's death and until he delivered the same to Annie Huguier, her agent or personal representative.

Exceptions were filed to the findings of fact made on the disputed questions between the parties. Judgment was rendered in accordance with the findings and conclusions of the

trial court for the amount due on the note in suit, and defendant *Lord* appealed.

For the appellant there was a brief by *Hughes & Whitford*, and oral argument by *R. D. Whitford*.

For the respondent there was a brief by *McCausland & Smith*, and oral argument by *E. F. McCausland*.

MARSHALL, J. It is not claimed but that the conclusions of law are warranted by the findings of fact and support the judgment. All errors assigned go to the question of whether the facts were correctly found by the trial court on the evidence. As often heretofore said in similar cases, it is not deemed advisable to discuss evidence in detail, and point out the particular portions which tend to, and those that do not, support the findings. That would only lead to lengthy opinions having no value as guides in future cases. So it is deemed sufficient to say here, in support of the conclusion we have reached, that after a careful examination of the evidence preserved in the record, we are unable to say that it clearly preponderates against the findings of fact; therefore the judgment cannot be disturbed on that ground (*Nicholson v. Coleman*, 90 Wis. 639; *Loeb v. O'Brien*, 93 Wis. 249); and there being no other ground urged, the judgment must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.