FERGUSON, Trustee, Appellant, vs. JANSEN, Respondent.

*May 8—June 5, 1908.*

*Bankruptcy: Preferences: Knowledge of insolvency: Evidence.*

A finding of the trial court that at the time when ·certain payments were made by a corporation to defendant,· within four months prior to the bankruptcy of the corporation, the defendant did not know or have good reason to believe that the corporation was insolvent, is *held* to be sustained by the evidence. TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *McElroy & Wetzler,* and oral argument by *W. J. McElroy.* As to the defendant's knowledge or reasonable cause to believe that the C. W. Milbrath Company was insolvent, they cited *In re Eggert,* 102 Fed. 735; *In re Virginia H. M. Co.* 139 Fed. 209; *In re Jacobs,* 1 Am. Bankr. Rep. 518; *Jackman v. Eau Claire Nat. Bank,* 125 Wis. 465, 104 N. W. 98; *Suffel v. McCartney Nat. Bank,* 127 Wis. 208, 106 N. W. 837.

For the respondent there was a brief by *Lorenz & Lorenz,* attorneys, and *Clarke M. Rosecrantz,* of counsel, and oral argument by *Mr. Rosecrantz.* They cited Bankr. Act July 1, 1898, ch. 541, §§ 60*a,* 60*b,* 30 U. S. Stats. at Large, 562 (U. S. Comp. Stats. 1901, p. 3445); sec. 67, Id.; *In re Clifford,* 136 Fed. 475; *N. Y. Co. Nat. Bank v. Massey,* 192 U. S. 138, 24 Sup. Ct. 199; sec. 57*e,* Bankr. Act; *In re Steam Vehicle Co.* 121 Fed. 939.

TIMLIN, J.    This action was brought by the appellant as trustee in bankruptcy of the C. W. Milbrath Company, a corporation, to recover $1,200, the aggregate of payments made and value of property transferred by said company to the respondent within four months prior to the bankruptcy of the

Milbrath Company, which occurred August 18, 1905.    The findings of the trial court were substantially to the effect that on March 9, 1905, more than four months prior to the bankruptcy, the said Milbrath Company, in exchange for a note and mortgage held by the respondent, transferred to him 212 shares of corporate stock belonging to the Milbrath Company, at the same time agreeing to pay the respondent an additional $200 for his note and mortgage.    The note and mortgage were to be assigned to the Milbrath Company when this last $200 was paid.    Prior to July 20, 1905, the Milbrath Company transferred to the respondent a land contract upon which there was due $150 in part payment, the defendant, *Jansen,* transferred the note and mortgage to the Milbrath Company, and on August 1, 1905, the Milbrath Company paid the respondent the remaining $50.    There was a further finding that at the time of the sale and transfer of the shares of stock to the respondent the latter did not know and had no reasonable cause to believe that the Milbrath Company was insolvent, and that at the time the respondent transferred and delivered the note and mortgage in question to the Milbrath Company the respondent did not know and did not have reasonable cause to believe that the Milbrath Company was insolvent.

There are only two seriously controverted points of fact: First. Was the transfer of the 212 shares of stock made within four months of the bankruptcy?    Second. Did *Jansen* know, or have reasonable cause to believe, that the Milbrath Company was insolvent at the time of either payment to him?    This court is convinced the finding that the transfer of shares of stock to *Jansen* was made more than four months prior to the bankruptcy and that *Jansen* did not at that time know or have reasonable cause to believe the Milbrath Company insolvent is not contrary to the clear preponderance of the evidence, hence cannot be overthrown.    *Loeb v. O'Brien,* 93 Wis. 249, 67 N. W. 415.    With reference to

the other two payments there is no doubt they were made within four months of the bankruptcy, and the writer is of opinion that the evidence is practically undisputed that *Jansen* had at the times of such payments reasonable cause to believe the Milbrath Company insolvent. But the remaining members of this court are of opinion that the finding that *Jansen* did not then know, and did not then have reasonable cause to believe, that the Milbrath Company was insolvent, is not against the clear preponderance of the evidence, and that the payments were made to *Jansen* in the usual course of business and without intention to create a preference. In reaching this conclusion they give greater weight and significance to the testimony of *Jansen* than I do.

Recording the opinion of all the other members of this court, it is that the judgment appealed from should be affirmed.

*By the Court.*—Judgment affirmed.