OSEN vs. SHERMAN, Sheriff, etc.

27 501

97 521

(1.) *Instructions to jury need not be repeated.* (2.) *Bill of sale not best evidence of date of sale.* (3.) STATUTE OF FRAUDS: *Sale of chattels.*—*"Actual and continued change of possession."*

1. It is not error to refuse a specific instruction asked by a party, where substantially the same is given in the general charge.
2. The bill of sale is not necessarily the best evidence of the date of a sale contested as in fraud of creditors.
3. If the vendor still retains control of the goods, either *conjointly* with the purchaser or as his *agent,* there is no "actual and continued change of possession," within the meaning of the statute, such as will prevent the presumption of fraud.

·APPEAL from the Circuit Court for *Eau Claire* County.

The plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

*A. Meggett*, for appellant.

*Williams & Vilas*, for respondent.

LYON, J.   This action is for the recovery of certain personal property, alleged to have been wrongfully taken and retained by the defendant from the possession of the plaintiff. The complaint is in the usual form.   The answer admits the taking and detention of the property described in the complaint, and avers that the defendant, being then the sheriff of Eau Claire county, on the 8th of January, 1869, seized the same by virtue of an execution issued out of the circuit court for that county, upon a certain judgment recovered therein by Henry and Van Buskirk against one George Lang, and that such property belonged to the said Lang.   It appeared that Lang sold the property in controversy to the plaintiff in the latter part of December, 1868; and the only question litigated on the trial in the circuit court was, whether that sale was fraudulent and void as against the creditors of Lang.   On such trial the defendant had a verdict; the court overruled a motion to set the verdict aside, and for a new trial; and from the order overruling such motion the plaintiff appeals to this court.

The counsel for the plaintiff asked the court below to give certain instructions, and duly excepted to the refusal of the court to give them in the form asked. Certain portions of the general charge given by the court to the jury were also excepted to.   These exceptions will be disposed of in their order.

The first instruction asked on behalf of the plaintiff was as follows: "Before the jury can *presume* fraud in this case on the part of *Osen*, they must find that Lang was actually in possession after the sale."   This

instruction was abundantly given in the general charge. The court read to the jury, sec. 5, chap. 107, R. S., which prescribes the circumstances under which a sale of goods shall be *presumed* to be fraudulent, and further instructed them that "to impeach this sale for fraud, or as a sale to hinder and delay creditors, *there must be evidence* to show that *Osen* purchased knowing that Lang was in failing or embarrassed circumstances."

If the judge is specially requested to give a proposition of law to the jury, and he gives it correctly in his general charge, it is not error for him to refuse to give the same instruction again in the form asked. The law requires the judge to reduce his charge to writing before giving it to the jury, and in practice this is usually done before any specific instructions are submitted to him by the parties. In such case it may, and doubtless does, frequently happen, that in the charge prepared by him the judge has stated the same legal principles which he is asked to give in the form of specific instructions, and these principles may be correctly stated both in the charge and in the instructions asked, but in different language. It is useless to instruct the jury twice on the same thing in the same charge, and it is reasonable to hold that the judge may, if he thinks proper, give any legal proposition to the jury in his own language, and refuse to give it again in the form of a specific instruction.

The second instruction, which the court was requested to give on behalf of the plaintiff, is as follows: " The bill of sale is the best evidence of the time when the sale was made, and if they find *Osen* immediately in possession after the sale, and that he paid Lang a valuable consideration for the property purchased, without any knowledge of Lang's circumstances, and without any intent on *Osen's* part to delay Lang's creditors, they must find for the plaintiff."

There are two valid objections to this instruction. 1st. The bill of sale is not necessarily the best evidence *of the time* when the sale was made. The date of it is testimony to go to the jury with the balance of the document, and is to be considered by the jury in determining the time when the alleged sale was made, but there is no rule of law which makes it the *best* evidence on that subject. 2d. The instruction ignores entirely the provision of the statute, that, to avoid the legal presumption that the sale was fraudulent, it was essential that there was not only the immediate delivery of the goods to the plaintiff, but that such delivery was followed by " an actual and continued change of the possession thereof." For these reasons the instruction was properly refused.

The third of these instructions is as follows: " To find against the plaintiff on account of any intention of Lang to defraud his creditors, the jury must find that *Osen* knew of such intention at the time of, or before, the sale, and shared such intention with Lang, and made the purchase with such intention." The court charged the jury on that subject in the words following: " Though Lang may have been in embarrassed circumstances, if *Osen* purchased the property for a valuable consideration, and thereupon entered into possession of the same, and at the time he purchased did not know of Lang's circumstances, you must find for the plaintiff." If there is any error in this instruction, it consists in not also stating that other condition of a *bona fide* sale, to wit, an " actual and continued change of possession." But the plaintiff cannot complain of such omission, because it was in his favor.

The remaining instruction asked by plaintiff is in these words: " If the jury find from the evidence the sale to have been made December 31, 1868, the evidence that Lang received the proceeds of the saloon from November 28, 1868, to January 1, 1869, has, in that case, nothing to do with the issue or verdict in

this action." We see no error in the refusal of the court to give this instruction, although it doubtless is correct in principle. The whole scope and tenor of the general charge was to the effect that the circumstances bearing upon the question of fraud were to be considered as they existed at the time of the sale, and not before that time, and it does not seem possible that the jury could have been misled on that subject.

The portions of the general charge to which exceptions were taken, are to the effect that if, after the sale by Lang to the plaintiff, they held possession of the property conjointly, or if Lang continued in possession thereof as the agent of the plaintiff, or if the plaintiff permitted Lang to remain in possession thereof and control the business, the presumption of fraud attached, and the burden was upon the plaintiff to remove such presumption by evidence. We think that the circuit judge stated the law in that behalf correctly to the jury; for how can it be said that there is an "actual and continued change of possession" from the vendor to the purchaser of the thing sold, if such vendor still has dominion over it, either conjointly with the purchaser, or as his agent or the manager of his business?

We find no error in the charge of the court or in the refusal to give the instructions asked, which could prejudice the plaintiff.

The counsel for the plaintiff has argued that Mrs. Lang owned half of the property, and that the plaintiff obtained a perfect title to her portion of it by his purchase. It is true that Mrs. Lang signed the bill of sale with her husband, but there is no evidence tending to show that she had any interest in the property. The testimony is quite the reverse.

The counsel has also reviewed the testimony somewhat at length for the purpose of showing that the defense was a failure, and that the court should have directed the jury to return a verdict for the plaintiff. But we think that there was enough testimony tending

to show fraud in the sale of the goods to the plaintiff, to make it the duty of the circuit court to submit the question of fraud to the jury.

*By the Court.*—The order denying the motion for a new trial is affirmed.