By the Court.—Van Vorst, J.
It is a fair inference from the facts in this case that Hollister executed the bill of sale of his merchandise to the plaintiff on the 22d day of January, 1870, to avoid its seizure for his debts, some of which were then in suit. Without doubt, even in his then circumstances, he was not prohibited from making a fair sale of his property for a good consideration to a tona fide purchaser.
The avails of such sale in his hands could be reached by his creditors.
*63 But the fact that a vendor or assignor of property sold under such circumstances, remains on the premises in the possession of the property, solely or in connection with the vendee or assignee, and deals with, collects, sells, and disposes of same, has always been regarded as a badge of fraud, and properly casts suspicion on the good faith of the transaction. The language of the learned judge in his charge on the subject of fraud is ordinarily correct beyond controversy. “It is not presumed, but must be proven,” and the burthen of proving fraud in any transaction rests upon the person who impugns it. The sale of property by one man to another, in the ordinary way, and according to the accustomed forms, would be presumed to be valid. But it may be accompanied with such circumstances inseparable from it, as at once to rebut the presumption of its validity, and on the other hand raise such probability of fraudulent design as to cast the burden on the other side to explain or remove the presumption of wrong.
In Randall v. Parker (3 Sand. 69) it was held that a party asserting the validity of a sale of goods, where there has been no actual and continued change of possession, must prove affirmatively that the sale was made in good faith and without any intent to defraud creditors or purchasers, and he must prove both conditions, and if no such evidence be given, the law pronounces the conclusion of fraud.
“ Every sale made by a vendor of goods and chattels “in his possession, or under his control, and every assignment of goods and chattels by way of mortgage “or security, or upon any condition whatever, unless ' ‘ the same is accompanied by an immediate delivery, “ and be followed by an actual and continued change ! 1 of possession, shall be presumed to be fraudulent and “void, as against the creditors of the person making “such assignment, or .subsequent purchasers in good “faith, and shall be conclusive evidence of fraud, un- *64 “ less it shall he made to appear on the part of the per-‘1 sons claiming under such sale or assignment that the “ same was made in good faith and without any intension to defraud such creditors or purchasers” (3 R. S. [5th ed.] 322, § 5).
In this case the vendor, contemporaneously with the sale made by him, entered into an arrangement with the vendee to continue on the premises with his son, and to have such relation to the business to be prosecuted with the merchandise he had sold as to be paid out of its net profits. According to one version of his testimony, he had a direct interest in the business; as modified by another statement, he was to be compensated for his service out- of the net profits—the amount of his pay depending upon the extent of profits.
In any view, he had a direct interest to continue and increase the business and its profits.
The evidence to some degree tended to show concurrent possession of the property by plaintiff and Hollister. It discloses a dealing by the vendor with the stock after the 22d day of January 1870. He disposed of it by sale, and added to it by purchase; he personally received and appropriated to himself its proceeds in part at least. Whatever position he occupied to the business, was not only with the vendee’s consent, but was in pursuance of an agreement between them.
While the evidence shows that the vendee came into possession after the sale, and performed acts of ownership, it does not show an exclusive possession and control in him. The evidence reveals acts of the vendee consistent with a joint interest and possession by himself with the plaintiff. It would seem that under such conditions the burden of proof, would rest upon the plaintiff to wholly rebut the presumption of fraud arising from the relations of the vendor with the plaintiff, and the subject of the sale, and that so much of the judge’s charge as suggested that the fraud be estab *65 lished by the defendant by facts and circumstances to carry conviction to the minds of the jury, is erroneous. There was enough in the case from the facts and circumstances alluded to, unless satisfactorily explained by the plaintiff, to justify the jury in holding the transfer void as to the creditors of Hollister. And for a like reason, growing out of the facts and circumstances proven on the trial, the refusal of the judge to charge “that a joint possession by buyer and seller after the “sale will not amount to an actual and continued ‘1 change of possession, within the meaning of the stat“ute,” was erroneous.
A joint possession by two, is the possession of each, and neither is entitled to exclusive control.
If the possession, on and after the 22d January, was joint, it would manifestly be presumptively fraudulent, for it would tend to show that there was no point of time when the vendor was wholly out of possession.
In Butler v. Stoddard (7 Paige, same case ; 20 Wend. 507), it was held that the appointment of the seller, as agent of the buyer to retain the possession, and retail the goods, and collect the debts, is not a change of possession, and will be deemed fraudulent; concurrent possession of personal property by the vendor and vendee will not protect it from (the creditors of the vendor (Braun v. Keller, 43 Penn. 104; Oren v. Sherman, 27 Wis. 501).
The charge of the learned judge, being otherwise so faultless, and so clearly and explicitly presenting the questions involved to the jury, that we reluctantly hold the exceptions of the defendant, in these respects, to be well taken. But as these errors may have misled the jury, and given them a mistaken judgment as to which party should assume the burden of proof with respect to fraud in the case, and as to the consequences of a joint possession (if there were such), although a partnership might not actually have existed between plaintiff *66 and Hollister—we think that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event, which is so ordered.
Barbour, Ch. J., and Monell, J., concurred.