THE STANDARD PAPER COMPANY, Respondent, vs. GUENTHER, Garnishee, etc., Appellant.

*October 14 — November 3, 1886.*

*Chattel mortgages: Delay in filing: Estoppel.*

When the mortgagee of chattels delays the filing of his mortgage at the request of the mortgagor and in order that the credit of the latter may not be injured, he is estopped to assert such mortgage as against creditors who, after the execution of the mortgage and

before its filing, gave credit to the mortgagor upon the faith that his property was unincumbered; and this is so although the mortgagee had no actual intent to defraud any creditor.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The *Standard Paper Company* brought an action against the Freie Presse Company to recover the amount due the plaintiff on account for goods sold and delivered to the defendant, and in said action *Richard Guenther* was garnished, the plaintiff claiming that he was indebted to, or had property in his possession belonging to, the Freie Presse Company. The garnishee defendant appeared and answered, denying all liability as garnishee. The plaintiff took issue upon this answer, and the case was tried by the court without a jury.

The evidence disclosed the following facts: That on the 17th of March, 1884, the Freie Presse Company was justly indebted to the garnishee, *Guenther*, in the sum of about $6,000. On that day said company gave the garnishee six promissory notes, for $1,000 each, drawing six per cent. interest; and, to secure the payment of five of said notes, the company, on May 10, 1884, executed a chattel mortgage upon the personal property of said company. The mortgage was not filed in the proper office until November 12, 1884, and the garnishee took possession of the stock, under his mortgage, March 31, 1885. *Mr. Guenther* testified "that the mortgage was not filed at the time it was executed, at the solicitation of the manager of the Freie Presse Company. He said if the mortgage was not recorded he could get business for the paper, advertising, etc., and get it at a paying basis; but if it was recorded it would hurt his paper, and interfere with his property and advancement, and he begged me not to do it, and I consented." He also testified that he afterwards put it on file, because he

was informed the company was trying to get money and give another chattel mortgage on the same property.

The evidence on the part of the plaintiff showed that all the account for which the action was brought, except a very small amount, accrued between the date of the mortgage and the date of its filing; that the paper company had no knowledge of the existence of the mortgage until it was put upon file. A witness for the plaintiff company testified that he was president of the company, and that during the time of the sales to the Freie Presse Company it was his duty to pass upon credits given by the paper company; that he did not know of the existence of this mortgage until it was placed on file in November. "*In our business we have notice of all these public records.*" So far as he knew, none of the company knew of the mortgage before it was filed. "I should say the property of the Freie Presse Company, when we dealt with them, was from $5,000 to $8,000, possibly $10,000. I knew of this when we extended the credit. Was through their office. Did not know of any incumbrance at the time on the property. I think I can say absolutely none of the other officers knew of the mortgage. This comes under my particular part of the business, and they knew nothing about it until we got our reports from agencies, notifying us that such a mortgage was recorded."

It was conceded on the trial by the plaintiff's counsel that there was no claim of any actual intent to defraud any creditors of the Freie Presse Company on the part of the defendant *Guenther*, in withholding his mortgage from record. The plaintiff also gave evidence of the amount of its claim against the Freie Presse Company.

Upon this evidence the court found: (1) That the Freie Presse Company was indebted to the plaintiff in the sum of $493 damages and costs at the time of the trial, November 11, 1885, making in all $530.41, with interest and subse-

quent costs. (2) The execution and delivery of the mortgage, as stated by *Mr. Guenther*, upon the property owned and used by the Freie Presse Company in its business of publishing a newspaper in the city of Milwaukee. (3) That such mortgage was not filed until November 12, 1884, and *Guenther* did not file said mortgage, at the solicitation of the Freie Presse Company, "so as not to hurt and interfere with the advancement and business of said company." (4) That on March 31, 1885, *Guenther* first took possession of said mortgaged property. (5) That the plaintiff is a corporation, doing a wholesale business in the city of Milwaukee. (6) That after the making and delivery of said mortgage, and before the filing thereof, the plaintiff, from time to time, sold and delivered to said Freie Presse Company goods and merchandise on credit, and for the unpaid purchase price thereof the plaintiff obtained judgment against said company. (7) That the plaintiff made such sales and extensions of credit to said defendant Freie Presse Company *in good faith, upon the strength that its property was not incumbered.* (8) That plaintiff had no notice of said mortgage until it was filed. (9) That said mortgage is void as to the plaintiff herein, whose claim against said defendant Freie Presse Company arose and was contracted in the interim between the giving of said mortgage and the filing thereof as aforesaid. The tenth finding is that *Guenther*, at the time of serving the garnishee summons in this case, had property, money, credits, and effects in his possession and under his control, to pay the plaintiff's claim.

And as conclusions of law the court found: (1) That said chattel mortgage so made, executed, and delivered, and filed as aforesaid, was and is void as to the plaintiff herein, whose debt against said defendant Freie Presse Company, was contracted and arose in the interim between the making and filing of said mortgage as aforesaid. (2) That the plaintiff is entitled to judgment against said *Guenther*, the

garnishee herein, for the sum of $530.41, with interest thereon from the said 11th day of November, 1885, and the costs and disbursements of this action.

Exceptions were taken to nearly all the findings of fact and conclusions of law.

From the judgment entered in accordance with the findings and conclusions the garnishee appealed.

For the appellant there was a brief by *Frisby, Gilson & Frisby,* and oral argument by *Mr. Gilson.* They contended, *inter alia,* that the mortgage was void only as against creditors who should *seize* the property during the time the mortgage was not on record. R. S. secs. 2314, 2315; *Newman v. Tymeson,* 12 Wis. 448; *Lowe v. Wing,* 56 id. 31; *Rockwell v. Humphrey,* 57 id. 410; *Manson v. Phœnix Ins. Co.* 64 id. 26; *Funk v. Paul,* id. 35; *Jones v. Graham,* 77 N. Y. 628. The mortgagee cannot be estopped unless he was silent, with knowledge of the fact that the plaintiff was giving credit relying upon the faith of unincumbered property, and with the intention that it should give such credit. Bigelow on Estoppel, 437; *Kingman v. Graham,* 51 Wis. 232, 248. So far as the plaintiff is concerned it is the same as though this mortgage was not made until the date of its filing.

For the respondent there was a brief by *Dey & Friend,* and oral argument by *Mr. Dey.* They cited sec. 2313, R. S.; *Maier v. Davis,* 57 Wis. 212, 216; *In re Murphy,* 51 id. 519, 523; *Single v. Phelps,* 20 id. 402; *Blakeslee v. Rossman,* 43 id. 123; *Thompson v. Van Vechten,* 27 N. Y. 568; *Parshall v. Eggert,* 54 id. 18, 21; *Fearey v. Cummings,* 41 Mich. 383; *Crippen v. Fletcher,* 56 Mich. 386; *Gill v. Griffith,* 2 Md. Ch. 270; *Wilson v. Leslie,* 20 Ohio, 161; Herman on Chat. Mortg. sec. 104; Jones on Chat. Mortg. sec. 245; *Crooks v. Stuart,* 2 McCrary, 13; *S. C.* 7 Fed. Rep. 800; *Argall v. Seymour,* 4 McCrary, 55; *Simon v. Openheimer,* 20 Fed. Rep. 553; *Rumsey v. Town,* id. 558–567; *Root v. Hall,* 29 N. W. Rep. 29.

TAYLOR, J.  We think all the findings of fact are sup-
ported by the evidence, and the only question upon this
appeal is whether such findings support the conclusion of
law "that the chattel mortgage so executed, delivered, and
filed is void as to the plaintiff's claim against the Freie
Presse Company, contracted in the interim between the
making and filing of the garnishee's mortgage."   We think
this conclusion of law is supported by the third and seventh
findings of fact.   The third finding of fact, "that the de-
fendant *Guenther* did not file his mortgage, at the solicita-
tion of the Freie Presse Company, so as not to hurt and
interfere with the advancement and business of said com-
pany," is, in fact, a finding that said mortgage was kept off
the record for the purpose of giving the company credit
with those who thereafter dealt with them in the belief
that their property was unincumbered.   It follows, as a
logical conclusion, that *Mr. Guenther* is estopped, as against
those persons who have given the Freie Presse Company
credit in the belief that the property of said company was
unincumbered and upon the strength that its property was
so unincumbered, from now claiming that he had a mort-
gage on such goods.

This proposition is not seriously controverted by the
learned counsel for the appellant, but it is claimed that the
finding that the plaintiff gave the Freie Presse Company
credit on the faith that its property was not incumbered is
not supported by the evidence.   It is true the president of
the company, in his testimony, does not in express words
say that the credit was extended to the company because its
property appeared to be unincumbered; but he does say
that, as agent of the company, he investigated as to the
property the company was in possession of at the time the
credit was given, and that he knew of no incumbrance on
the same, and that they would have known of such incum-
brance, had it been on file, through the mercantile agencies
with which they were in communication.   We think upon

this evidence the court very properly found that "the credit was given in good faith, upon the strength that its property was not incumbered."

We do not think the concession made by the attorneys for the plaintiff on the trial, "that the garnishee, *Guenther*, had no actual intent to defraud any creditor of the Freie Presse Company by withholding his mortgage from record," relieves him from the natural and legal consequences of such act. Under the facts found by the court, the withholding the same from record would operate as a fraud upon the plaintiffs, who have given a credit upon the supposition that the property of said Freie Presse Company was not incumbered, if he were now permitted, as against them, to insist upon his mortgage as an incumbrance upon such property.

We wish it to be clearly understood that we sustain the judgment of the circuit court in this case upon the facts found in the third and seventh findings of fact, and that we do not determine that a chattel mortgage withheld from record without any agreement to so withhold it made with the mortgagor at the time the same is executed, is necessarily void as to the claims of all creditors who become such after the date of the mortgage and before the date of its filing, whether such credits were or were not given in the belief that the property of the mortgagor was unincumbered, and relying on that fact. That question is not in this case, and we prefer not to pass upon it in the determination of this appeal.

*By the Court.*— The judgment of the circuit court is affirmed.

See *Dyer v. Thorstad* (Minn.), 29 N. W. Rep. 345, and note.— REP.