SCHNEIDER, Respondent, vs. KRABY, Appellant.

*October 26 — November 16, 1897.*

*Chattel mortgage: Possession by mortgagee.*

1. The possession of mortgaged chattels by the mortgagee, which sec. 2313, R. S., makes equivalent in effect to the filing of the mortgage, must be actual, open, unequivocal, exclusive, and continuous. A

Schneider vs. Kraby.

joint possession by the mortgagor and mortgagee does not satisfy the statute.

2. A mortgagee of a stock of goods took possession of the goods, caused an inventory thereof to be made, kept them in the same store, not changing the sign, and employed one of the partners and the husband of the other to sell them, opened new books of account in his own name, received the proceeds of the sales, paid the employees, and spent some of his time in the store every day. In an action involving the question of the sufficiency of his possession, *held*, that it was for the jury to determine, and that a nonsuit was therefore properly denied.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action for alleged wrongful conversion of personal property. It involves the validity of a chattel mortgage under which plaintiff claimed the property in controversy. Schoenian & Mehder were merchant tailors in the city of Oshkosh, Wisconsin. They were indebted to plaintiff for borrowed money in the sum of $1,000. To secure such indebtedness they gave plaintiff a bill of sale of their stock in trade and book accounts and some other personal property. Plaintiff immediately pretended to take possession of this property. He went into the store, caused an inventory to be taken, and then employed Charles Schoenian, husband of Mrs. Schoenian, who was a member of the firm, and Mehder, to attend to the business for him. Charles Schoenian immediately opened a book and kept the business in the name of plaintiff. Plaintiff was in the store every day most of the time, up to the time the property was taken by the defendant as herein stated. The signs upon the store, of the old firm of Schoenian & Mehder, were not changed. About ten days after plaintiff pretended to take possession of the property as aforesaid, the defendant, under a valid writ of attachment against the property of Schoenian & Mehder, levied upon the property and took possession of the same under such writ, and thereupon plaintiff brought this action against the

defendant for a conversion of such property. Substantially the only disputed question upon the trial was whether plaintiff took actual possession of the property under his bill of sale, so as to make it effectual against other creditors of Schoenian & Mehder, before the levy was made. The bill of sale was not filed, so plaintiff, to maintain his rights under it, depended upon showing that he took actual possession of the property, and continued in such possession down to the time of the levy. A motion for a nonsuit was made and denied, and the denial excepted to. Various exceptions were taken to rulings of the court excluding evidence; also exceptions to instructions given to the jury and to refusals of the court to give instructions requested by the defendant, all of which exceptions relate to the single question of whether plaintiff took possession of the property under his bill of sale and continued in possession as aforesaid. The verdict of the jury was in favor of the plaintiff. Judgment was rendered thereon, and defendant appealed.

For the appellant there was a brief by *Gary & Forward,* and oral argument by *G. H. Forward.*

For the respondent there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

M<sub>ARSHALL</sub>, J. Sec. 2313, R. S., provides that "no mortgage of personal property shall be valid against any other person than the parties thereto, unless the possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the mortgage or a copy thereof be filed as provided by law." It is well settled that such possession must be actual, open, unequivocal, exclusive, and continuous. *Menzies v. Dodd,* 19 Wis. 343; *Manufacturers' Bank v. Rugee,* 59 Wis. 221. Joint possession by the mortgagor and mortgagee does not satisfy the requisites of the statute. *Grant v. Lewis,* 14 Wis. 487; *Osen v. Sherman,* 27 Wis. 501. But the rule does not go so far as to defeat the title of the mortgagee

if he takes actual possession and control of the property, and so continues, merely because he employs the mortgagor, or the former employees of the mortgagor, to assist in converting such property into money. *Hage v. Campbell*, 78 Wis. 572. When the validity of the mortgage turns, as in this case, on whether the mortgagee took possession of the property under it and continued in such possession as the statute requires, if the evidence and reasonable inferences therefrom are not all one way, the question is one exclusively for the jury, under proper instructions.

Here the mortgaged property was a merchant tailor's stock. There is evidence tending to show that plaintiff did not know anything about how to handle and dispose of such goods; that he took possession of the goods and caused an inventory thereof to be made; that it required a tailor and a clerk who understood the business to conduct it and convert the property into money; that after the inventory was taken plaintiff employed one of the mortgagors, who was a tailor, and the husband of the other mortgagor, who was a competent clerk, both of whom had formerly worked in the store, to enable him to carry on the business and realize on the property; that both of the employees thereafter performed substantially the same kind of work as theretofore; that new books were opened; that plaintiff was in the store more or less every day, received the proceeds of sales, and paid the employees; and that there was no change in the sign on the store. Under such evidence and the law pertaining to the subject, obviously the questions of change of possession to the mortgagee, and the continuance of such possession, were for the jury. The fact that one of the mortgagors and the husband of the other, who formerly conducted the store, were employed by plaintiff, was not conclusive in defendant's favor on the question at issue, as decided in *Hage v. Campbell, supra*. The fact that the sign was not changed was evidence proper only for the consid-

eration of the jury in connection with all the other evidence in the case.

It follows that the motion for a nonsuit was properly denied, and that we cannot say there was no evidence to sustain the verdict. There appears to be no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.