J. L. LOWRANCE, Trustee, ex rel. ANNA ALLEN, Respondent, v. L. BARKER, et al., Appellants.

Kansas City Court of Appeals, December 4, 1899.

1. **Fraudulent Conveyances: UNRECORDED MORTGAGE: CONTINUING BUSINESS: ESTOPPEL.** Where a mortgagee withholds his mortgage from record and permits the mortgagor to carry on business with the mortgaged goods in the usual course, such mortgage is void as to subsequent creditors and the mortgagee is estopped from setting it up.

2. **Sales: BILL OF: CHANGE OF THEORY.** A party whose original petition based his title on a chattel mortgage and whose amended petition only claims title without stating the source and who in fact held under the mortgage, can not, when the mortgage is declared void, claim under a bill of sale taken on the same day that attachments were issued against the vendor.

3. **Fraudulent Conveyances: PLACE OF REPENTANCE: ABANDONMENT OF FRAUD.** Before a fraudfeasor can plead his repentance so as to hold under a subsequent title, he must abandon the fraud and base his whole claim on the *bona fide* transaction.

Appeal from the Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED.

*Lozier & Morris* for appellants.

(1) The mortgage in question was fraudulent in law, because to the grantor's use, as shown by its terms. Bullene v. Barrett, 87 Mo. 185; Bank v. Powers, 134 Mo. 432; Hisey ·v. Goodwin, 90 Mo. 366. (2) This mortgage was also fraud-

ulent in fact.    Russell v. Rutherford, 58 Mo. App. 550; Helm v. Helm, 52 Mo. App. 615; Hisey v. Goodwin, 90 Mo. 366; Bank v. Doran, 109 Mo. 40.    (3)   Fraud in fact is not cured by actual possession, even though such possession was of a character to satisfy the requirements of law in ordinary cases.   Joseph v. Boldridge, 43 Mo. App. 333; McKinney v. Wade, 43 Mo. App. 152; Wait on Fraudulent Conv. [3 Ed.], sec. 357; Mallmann v. Harris Bros., 65 Mo. App. 127 (133); Boland v. Ross, 120 Mo. 208, 217, 218; Barton v. Sitlington, 128 Mo. 164, 174.    (4)   Withholding a mortgage from record.    A mortgagee who withholds his mortgage on a stock of goods from record for fear of injuring the credit of mortgagor and thereby induces creditors to extend credit to the mortgagor, invalidates the mortgage as to such creditors. Williams v. Kirk, 68 Mo. App. 457; Bank v. Doran, 109 Mo. 40; Barton v. Sitlington, 128 Mo. 164, 174; Bank v. Frame, 112 Mo. 502; Root v. Hart, 29 N. W. Rep. (Mich.) 29; Bank v. Buck, 123 Mo. 141; Paper Co. v. Guenther, 30 N. W. Rep. (Wis.) 298; Cutler v. Steele, 48 N. W. Rep. (Mich.) 631. Attaching creditors who have extended credit between date of mortgage and its filing, on the faith that mortgagor was the owner, have a "superior equity" over the mortgagee and therefore "have rights which intervene" and the mortgagor is estopped from asserting his title.   Williams v. Kirk, 68 Mo. App. 457; McIntosh v. Smiley, 32 Mo. App. 125; Nicholson v. Merstetter, 68 Mo. App. 441; Wait on Fraud. Conv. [3 Ed.], sec. 235; Jones on Chattel Mortgages, sec. 337a; 2 Cobbey on Chattel Mortgages, secs. 623, 624, 625.    (5) There was no actual and continued possession taken under the mortgage, such as satisfies the demands of the law.    State ex rel. v. Flynn, 66 Mo. App. 373; State ex rel. v. Durant, 52 Mo. App. 493; Bank v. Powers, 134 Mo. 433.    (6)   The claim relator now makes as to her right to the property under the pretended bill of sale is too preposterous to be seriously considered.    (7)   If relator claims title through the bill of

sale, there must be an absolute abandonment of the fraudulent mortgage, and actual, continued, open and notorious possession taken under the bill of sale. There is no evidence this was done. On the other hand relator claimed under the fraudulent mortgage. Wait on Fraud. Conv. [3 Ed.], secs. 357, 358; State to use v. Distilling Co., 60 Mo. App. 437.

*J. L. Minnis* for respondent.

(1) The judgment will be affirmed if there is any evidence in the case which tends to uphold it. Moore v. Railway, 73 Mo. 438. This court, in determining whether the evidence is sufficient to support the finding for relator, will (laying aside defendant's controverting evidence), assume that relator's evidence is true and will give to it every favorable inference which may be reasonably and fairly drawn from it. Cohn v. Kansas City, 108 Mo. 387. And will affirm the judgment unless it is clearly manifest that the judgment was the result of the prejudice or misconduct of the trial court. Zweigardt v. Birdseye, 57 Mo. App. 462. (2) Relator, in good faith, purchased the stock of goods and entered into possession thereof under the bill of sale prior to the levy by the constable and was therefore entitled to judgment. The State to use v. Nelson Distilling Co., 60 Mo. App. 437; Dougherty v. Cooper, 77 Mo. 528. Relator's possession was sufficient under the statute. Dyer v. Balsley, 40 Mo. App. 554; Sharpless Bros. v. Derr, 62 Mo. App. 359. In any event the sale was valid until a reasonable time had expired for delivery of possession. R. S. 1889, sec. 5178; Boot and Shoe Co. v. Bain, 46 Mo. App. 581; State to use v. King, 44 Mo. 238; State ex rel. v. Durant, 53 Mo. App. 493. (3) As to whether there was any fraud in fact was a question of fact, and the finding of the trial court thereon is conclusive. Frederick v. Allgaier, 88 Mo. 598.

ELLISON, J.—Relator claimed to own a stock of merchandise under the terms of either a mortgage or a bill of sale or both, it being a matter of dispute whether the claim was one or the other. The mortgage and the bill of sale were executed by Mrs. Kate Hopkins to relator who was a former owner of the goods. Defendant is a constable and as such he levied several writs of attachment on the goods as the property of Mrs Hopkins who was a debtor of the attachment plaintiffs. He afterwards sold the goods and thereupon this relator, Mrs. Allen, brought this action on his bond and prevailed in the circuit court.

It appears that relator owned the goods and sold them to Mrs. Hopkins, getting a cash payment of $50, and taking from her a chattel mortgage on the stock to secure notes for the balance of the purchase money. This mortgage was not recorded until the day of the levy of the attachment, a period of ten or eleven months. Mrs. Hopkins was in possession of the store selling the goods and purchasing others, the attachment plaintiffs having sold to her without knowledge of such mortgage and in the belief that her stock was not incumbered. It was shown that the goods would not have been sold to her on credit if it had been known there was a mortgage. Relator's husband, who transacted her business, was Mrs. Hopkins' brother and he testified as follows:

"Q. Well, did anybody say anything about recording the mortgage at the time? A. No, sir; I run it of my own accord.

"Q. You just held it upon your own accord? A. Yes, sir.

"Q. And out of regard for your sister? A. Yes, sir.

"Q. Just out of regard for her and you didn't want to injure her credit by putting it of record? A. I don't think her credit was injured.

"Q. But you withheld it from the record in order that her credit would not be injured? A. No, sir, I did not.

"Q. It was from regard for her; you wanted the business to be a success?

"Plaintiff's counsel objected.

"The Court: I think the witness has answered that."

We have no doubt that the mortgage was fraudulent and void as to these creditors. Relator's conduct in withholding the mortgage from record estops her from setting it up against them. We so decided in two cases where the reasons and authorities on the question may be found. Williams v. Kirk, 68 Mo. App. 457; Dry Goods Co. v. Brown, 73 Mo. App. 245. In addition to the authorities there cited, see Cutler v. Steele, 85 Mich. 627; Standard Paper Co. v. Guenther, 67 Wis. 101.

But is is claimed that relator's title is good against the attaching creditors under the bill of sale which Mrs. Hopkins executed to her the morning of the day the attachments were levied. An examination of the record satisfies us that this claim has no real support. It appears that it was taken on the day the attachments were levied and about two hours after the mortgage was recorded and that afterwards, on the same day, before the levy of the attachments, she took possession of the store by locking the doors. It is apparent from the record that there was no abandonment of the fraudulent mortgage. It was, as stated, recorded that morning and relator's husband testified that he all the time claimed under the mortgage and that he then (at time of trial) claimed under the mortgage. Moreover, the original petition in the cause makes no pretense of a claim under the bill of sale; on the other hand, it affirmatively alleges the claim of right and title under the mortgage and claims a right of action by reason of the mortgage. The amended petition simply claims title without alleging by what means.

So conceding (merely as a concession for present purposes) that this case is one where repentance for the fraudulent mortgage would have been allowed at the time the bill of sale was

executed, thereby coming within the terms of Peters Shoe Co. v. Arnold (decided at this term), yet there was no repentance here, since there was no abandonment of the fraudulent transaction or claim.   The claim in the original petition, persisted in by testimony at the trial, discloses a holding on to the fraudulent transaction and is wholly inconsistent with the theory of repentance of the fraud.   There should be an abandonment of the fraud and a sole claim under a *bona fide* transaction in cases where such change is permissible.   Peters Shoe Co. v. Arnold, *supra*; Wait on Fraud. Conv., sec. 357.

From the foregoing it is clear that defendant's demurrer to the evidence should have been sustained and the judgment will be reversed.   All concur.