PLEWA, Appellant, vs. ST. JOSAPHAT'S CONGREGATION and another, Respondents.

*March 15—April 29, 1913.*

*Debtor and creditor: Fraudulent conveyances: Voluntary assignment.*

1. A conveyance of real property by an insolvent debtor, which the plaintiff seeks to have set aside on the ground that it was fraudulent as to creditors, is *held* to have been free from fraud, either actual or constructive, it appearing that the property was worth but $400,000 and was incumbered by a mortgage for $200,000; that the grantee assumed the mortgage and also agreed to pay seventy-five per cent. to the unsecured creditors, which aggregated over $200,000; and that all creditors have been paid said percentage except plaintiff, and said percentage has been tendered to him.

2. The fact that such conveyance was not made in compliance with the statute (sec. 1694, Stats.) governing voluntary assignments for the benefit of creditors, does not render it void.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This action was brought to set aside a conveyance of certain real estate in the city of Milwaukee on the ground that it was conveyed to defraud creditors. The complaint alleges the recovery of judgment against the defendant *St. Josa-*

*phat's Congregation;* the return of execution thereon; that the judgment remains unpaid; that before the rendition of such judgment against the defendant *St. Josaphat's Congregation* the real estate in question was deeded to the defendant *Franciscan Fathers Minors Conventuals of St. Josaphat's Church;* that the property so conveyed was all of the property of the defendant judgment debtor; that each of the defendants is a religious corporation, incorporated not for pecuniary profit, but for the carrying on of the religious and educational work of the Roman Catholic Church, and that the corporation named as grantee had no property or assets out of which it could pay any reasonable price for the land conveyed; that possession of the land was delivered over to the grantee defendant; that the effect of the conveyance was to hinder and delay the plaintiff in the collection of his debt. It is also alleged in the complaint that there was no actual intent to defraud the plaintiff in making the deed, but that the deed is constructively fraudulent.

Each of the defendants answered denying the allegations respecting fraud. The court made the following findings:

"1. That each defendant is a corporation organized under the laws of the state of Wisconsin.

"2. That on the 10th day of July, 1905, the defendant *St. Josaphat's Congregation* borrowed from the plaintiff the sum of $1,200 and gave the plaintiff its promissory note in writing for said sum.

"3. That on the 29th day of July, 1910, judgment was rendered on said note in favor of the plaintiff and against the defendant *St. Josaphat's Congregation* in the sum of $1,422.55.

"4. That during the years 1908, 1909, and 1910 the defendant *St. Josaphat's Congregation* was insolvent.

"5. That during the years 1908, 1909, and 1910 the defendant *St. Josaphat's Congregation* made active and earnest attempts to dispose of its assets for the benefit of its creditors.

"6. That the indebtedness of the defendant *St. Josaphat's Congregation* on or about the 15th day of March, 1910, was

approximately $477,000, $200,000 of which was secured by a mortgage on the real estate of said defendant.

"7. That on the 15th day of March, 1910, the defendant *St. Josaphat's Congregation* sold its property and assets to the defendant *Franciscan Fathers Minors Conventuals of St. Josaphat's Church,* one of the defendants herein, for the sum of $400,000.

"8. That $400,000 was the highest price which said defendant *St. Josaphat's Congregation* was able to obtain after earnest and repeated efforts to sell said property.

"9. That it was for the interest of the creditors of said defendant *St. Josaphat's Congregation* that said sale be made.

"10. That said sum of $400,000 was to be paid as follows: $200,000 by assuming the payment of the mortgage on the real estate transferred, and $200,000 to be paid *pro rata* to the unsecured creditors.

"11. That the plaintiff herein was offered his *pro rata* share and refused the same.

"12. That all of said purchase price has been paid or tendered to the creditors of said *St. Josaphat's Congregation.*

"13. That said conveyance on the 15th day of March, 1910, by the defendant *St. Josaphat's Congregation* to the defendant *Franciscan Fathers Minors Conventuals of St. Josaphat's Church,* was made for the benefit of the creditors of said *St. Josaphat's Congregation.*

"14. That said conveyance of March 15, 1910, was not made with the intent to hinder, delay, or defraud creditors of *St. Josaphat's Congregation.*"

The court concluded that the plaintiff was not entitled to the relief prayed for and that said complaint should be dismissed with costs. Judgment was rendered in favor of the defendants upon these findings dismissing the complaint with costs, from which judgment this appeal was taken.

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. W. B. Rubin* and *Mr. Walmsley.*

For the respondents the cause was submitted on the brief of *H. J. Killilea* and *R. M. Trump,* attorneys, and *Elmore T. Elver,* of counsel.

KERWIN, J.   It appears from the findings that the plaintiff failed to make a case against the defendants.   It is established that the property was conveyed for a full and valuable consideration and without any fraudulent intent, but on the contrary with the intent and purpose of paying to the creditors *pro rata* the full value of the property and more, because it appears in the case that the property was worth but $400,000, incumbered by a mortgage of $200,000, and that the grantee assumed the payment of the mortgage and also agreed to pay seventy-five per cent. to the unsecured creditors, which aggregated over $200,000, and that all such creditors have been paid seventy-five per cent. of their claims, except plaintiff, and that seventy-five per cent. of his claim has been tendered to him.   So that instead of there having been any intent to defraud creditors, it is conclusively established that the conveyance was made for their benefit and without any intent whatever to defraud any creditor or other person.

Sec. 2320, Stats., makes every conveyance in writing of any estate or interest in land made with intent to hinder, delay, or defraud creditors or other persons of their lawful actions, damages, forfeitures, or demands void, and sec. 2323, Stats., makes the question of fraudulent intent a question of fact and not of law, and further provides that a conveyance shall not be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration.   The court below found all the facts against the plaintiff, and these findings are well supported by the evidence and cannot be disturbed.   *Loeb v. O'Brien,* 93 Wis. 249, 67 N. W. 415; *Kaufer v. Walsh,* 88 Wis. 63, 59 N. W. 460; *Rosenheimer v. Krenn,* 126 Wis. 617, 106 N. W. 20.

Counsel for appellant stated in their complaint and frankly admitted on oral argument here that there was no actual intent to defraud plaintiff and no purpose of that kind entertained by any of the parties concerned in the transaction.

But it is alleged that the deed is constructively fraudulent, therefore as matter of law was made with intent to hinder and delay plaintiff in the enforcement of his debt against the judgment debtor and its property.    This contention cannot be sustained.    On the established facts it is clear that there was no constructive fraud.    Appellant relied under this head upon *Ryan D. Co. v. Hvambsahl,* 89 Wis. 61, 61 N. W. 299, but that case does not reach the situation here, and moreover it was overruled by this court in the late case of *St. Louis C. P. Co. v. Christopher,* 152 Wis. 603, 140 N. W. 351.

It is also claimed by appellant that the conveyance amounted to a voluntary assignment and is void because not in compliance with the statute under the rule of *Winner v. Hoyt,* 66 Wis. 227, 28 N. W. 380, and subsequent cases in this court.    Whether the rule of *Winner v. Hoyt* would apply to this case in the absence of legislation we need not consider, because the legislature has changed the rule of that case by ch. 334, Laws of 1897.    *Gilbert P. Co. v. Whiting P. Co.* 123 Wis. 472, 102 N. W. 20.

Upon the findings of the court below there is no ground for the contention that any fraud, constructive or otherwise, was established.    *Gilbert P. Co. v. Whiting P. Co., supra; Corry v. Shea,* 144 Wis. 135, 128 N. W. 892; *Hyde v. Chapman,* 33 Wis. 391; *St. Louis C. P. Co. v. Christopher, supra,* and cases cited.    We think the judgment below is right and must be affirmed.

*By the Court.*—Judgment affirmed.