FARMERS EXCHANGE BANK, Plaintiff and Respondent, vs. ONEIDA MOTOR TRUCK COMPANY, Defendant: ONEIDA MANUFACTURING COMPANY, Garnishee, Appellant.

*September 17—October 14, 1930.*

For the appellant there were briefs by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge* and *Jerome R. North.*

For the respondent there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine.*

FAIRCHILD, J. The Oneida Manufacturing Company assumed a portion of the mortgage debt of the Oneida Motor Truck Company, agreed to pay back taxes assessed, and to assume certain current obligations. The Truck Company transferred its properties to the Oneida Manufacturing Company, receiving no cash directly under this transfer. Was this transfer fraudulent in law? If so, it must be for the reason that the Truck Company, an insolvent, engaged in business, transferred all its assets without fair consideration.

The trial court found that the defendant received, and the garnishee defendant paid, no consideration to the defendant for the transfer of its properties and that the garnishee defendant did not undertake to pay a legal consideration

therefor. That in making the transfer there was no actual intent in fact on the part of either defendant or garnishee defendant to hinder, delay, or defraud, and there was no fraud in fact in the transaction, but there was fraud in law.

The correctness of the trial court's conclusion that as a matter of law such transfer constituted a fraud depends upon whether or no a fair consideration passed between the new company and the principal defendant.

Statutes in Wisconsin regarding fraudulent conveyances are incorporated in ch. 242, Stats. 1929. This chapter recognizes two forms of fraudulent conveyances: those which are fraudulent in law and those which are fraudulent in fact. Sec. 242.04 reads:

"Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made . . . without a fair consideration."

Fair consideration is defined by sec. 242.03:

"Fair consideration is given for property, or obligation, (a) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or (b) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."

An insolvent debtor may convey all or part of his property providing he does so for a valuable consideration or such conveyance is not made with an actual intent to hinder or delay creditors. Sec. 242.07, Stats.; *Slack v. Northwestern Nat. Bank,* 103 Wis. 57, 79 N. W. 51; *Greene & Button Co. v. Remington,* 72 Wis. 648, 39 N. W. 767, 40 N. W. 643; *Carey v. Dyer,* 97 Wis. 554, 73 N. W. 29. An insolvent debtor may sell or part with his property to a

vendee who agrees to pay a certain part of the indebtedness of the vendor adequate in amount and there is no fraud, if no fraud in fact exists. This seems to have been the common-law rule and it is not changed by legislative enactment. Financial distress leads to changes in ownership. All the law requires in negotiating such change is fair dealing and an absence of fraud in law and in fact. Plans devised may be more or less effective, and where they involve preferences bankruptcy proceedings may be invoked. If, however, the creditor who feels aggrieved, pursuing his own interests, cannot show a failure to comply with law as to fair consideration and fair intent, he cannot set a transfer aside merely because of insolvency and a loss to himself. *Greene & Button Co. v. Remington, supra; Gilbert Paper Co. v. Whiting Paper Co.* 123 Wis. 472, 102 N. W. 20; Bump, Fraudulent Conveyances (3d ed.) 195; *Plewa v. St. Josaphat's Congregation,* 153 Wis. 276, 141 N. W. 267.

A fair consideration exists where by act of the purchaser a fair equivalent goes to the seller, or at his request to his creditors, or some of them. The loss, inconvenience, charges, and obligations to which the purchaser subjects himself at the instance of the seller, may be fair consideration as much as actual cash.

The trial court held that the trust deed to the Northern Bond & Mortgage Company did not constitute a lien on the personal property and that at the time of the transfer there was no lien upon the personal property conveyed as against creditors. This does not affect the case if fair consideration for the transfer was given. The principal defendant had a certain amount of property and certain debts exceeding the value of its property. It sold its property to provide for the payment of mortgages and certain claims. In the statement of facts, concerning which there is no dispute, we see debts and obligations assumed by the Oneida Manu-

facturing Company which mount up to what must be held to be a fair consideration. It assumed and agreed to pay in a fair and adequate amount outstanding mortgage liens, past-due taxes, and claims of certain creditors for current obligations. It agreed to issue some stock to holders of notes under the trust deed.

We are of the opinion that the finding of the court that no fair consideration existed is against the great weight and clear preponderance of evidence and that the assumption of these items of indebtedness constitutes fair consideration. It is unnecessary to consider the question as to whether garnishment is the proper remedy.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.