NATIONAL BANK OF COMMERCE OF MILWAUKEE, Plaintiff
and Respondent, vs. BROGAN and another, Defendants
and Respondents (CONSOLIDATED INDEMNITY & IN-
SURANCE COMPANY and others, Garnishee Defendants
and Appellants).

SAME VS. SAME (OHIO CASUALTY INSURANCE COMPANY,
Garnishee Defendant and Appellant).

*February 6—March 6, 1934.*

380

For the garnishee defendants and appellants there were briefs by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph A. Tierney.*

For the respondent there was a brief by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *Edgar L. Wood.*

FAIRCHILD, J. The stipulations in the applications for bonds define the rights of the parties thereto under that agreement. Such lien as these stipulations create, so long as unrecorded and unknown to other creditors, could affect only the rights of the parties to the agreement. A document intended to transfer title to property, real or personal,

as security only, will be treated as and given the effect of a mortgage. *Underwood Veneer Co. v. Lucia,* 202 Wis. 507, 232 N. W. 853; *Kiefer-Haessler Hardware Co. v. Paulus,* 149 Wis. 453, 135 N. W. 832; *Rockwell v. Humphrey,* 57 Wis. 410, 15 N. W. 394. The rights of the parties to the property which was located at Fox River Grove, Illinois, are governed by the Illinois law, and as to the other property it is governed by the law of Wisconsin. *Underwood Veneer Co. v. Lucia, supra.* In both jurisdictions the assignments upon which appellants rely are void as to the respondent. Ch. 95, § 1, of the Illinois Statutes (Smith-Hurd, 1933), is similar in its effect to sec. 241.08 of the statutes of the state of Wisconsin; both of these statutes and the cases construing them provide that a chattel mortgage is valid as against third parties or creditors of the mortgagor only if (1) possession is transferred to and remains in the mortgagee or (2) if the mortgage was recorded in the manner provided by the statutes in each state. It is not claimed by the surety companies in this case that they ever attempted to file or record the bond applications as chattel mortgages, in either state, until too late to affect the rights of respondent.

The failure to advise the public by recording the agreements leaves the appellants subject to the rule recognized in *Standard Paper Co. v. Guenther,* 67 Wis. 101, 30 N. W. 298, and so far as the respondent is concerned the property must be treated as unincumbered at the time the credit was extended. *Underwood Veneer Co. v. Lucia, supra.* The result which follows the failure to record the instrument, in view of reliance by respondents upon equipment and machinery set out in the financial statement submitted by the principal defendants, disposes of all questions raised in the case unless some showing exists of a new transaction, or a supplemental one at least, in which the machinery was transferred to the bonding companies for an adequate consideration. *Farmers Exchange Bank v. Oneida Mfg. Co.* 202 Wis.

266, 232 N. W. 536. But here again the findings of the court, sustained by evidence, support the position taken by respondent.

The appellants in their brief direct our attention to the evidence that the principal defendants did not object to or protest against the appellants' taking possession of, the machinery. This evidence does no more than to show the principal defendants' submission to the acts of appellants under the contract contained in the application for the bonds. We find nothing in the record tending to show an active consent on the part of the debtors to a transfer of the property to the bonding companies. Financial embarrassment was present, and by simply refusing to interfere the debtor did not give his property or transfer it to an aggressive creditor for a valuable consideration.

The bonding companies claimed their right to this property under the agreements made at the time when the bonds were executed. Those agreements were unrecorded. These creditors, as against others, took under such claim as they had, and when the necessity arose of matching the strength of their claim against the claim of the respondent, the appellants' claims were the weaker. The respondent at that time was armed with process, and the appellants, as against respondent, with a mortgage limited by the fact that it was unrecorded. *Standard Paper Co. v. Guenther, supra.*

We agree that the evidence warranted the learned trial judge in concluding that "the plaintiff bank extended credit to the defendants on the basis of their financial statements which included the plant, equipment, trucks, etc., involved in these actions. There is not the slightest suggestion in the evidence that the plaintiff at any time knew or had any information that might lead to information that the title of the defendants to the property was in any way incumbered at the time when the plaintiff was making loans to the defendants. No attempt was ever made to comply with the

statute in reference to filing chattel mortgages until after the commencement of the first garnishment action." The situation was not affected, so far as the bank's rights against the property of the Brogans was concerned, by subsequently taking possession thereof under those instruments.

*By the Court.*—Judgment affirmed.