C. I. T. Corporation, Respondent, vs. Wallerman and another, Appellants.

*January 13—February 9, 1943.*

For the appellant Labutzke Motor Sales, Inc., there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

For the respondent the cause was submitted on the brief of *Wendell McHenry* of Waupaca.

MARTIN, J.    Plaintiff's action is based on a certain chattel mortgage from Auto Service Sales Company, as mortgagor, to C. I. T. Corporation, plaintiff herein, dated April 3, 1941. Said chattel mortgage covers three certain automobiles, including the 1939 Ford coupe which is involved in this action. The amount loaned by plaintiff corporation on each car is specified in the chattel mortgage.   The amount of the mortgage on the car in question is $241.   The total loan secured by said chattel mortgage is in the sum of $533.   The chattel mortgage was recorded in the office of the register of deeds of Waupaca county on the 27th day of May, 1941.

It is alleged that the note secured by the chattel mortgage became due and payable June 3, 1941; that Auto Service

Sales Company has not paid said note or any part thereof; and that by virtue of such default plaintiff became the owner and entitled to immediate possession of said 1939 Ford coupe, and brings this action to recover the possession of said car or, in the event that delivery cannot be had, then for the value thereof in the sum of $250, and for damages for the wrongful detention of the car by defendants.

There is no dispute as to the facts. It appears that defendant Wallerman, on or about March 24, 1941, negotiated with the Auto Service Sales Company for the purchase of a new 1941 Ford car, the Auto Service Sales Company to take in Wallerman's 1939 Ford coupe to apply on the purchase price of the new car. There is no writing evidencing the agreement between Wallerman and the Auto Service Sales Company. However, the Auto Service Sales Company agreed to make immediate delivery of the new car to Wallerman. Relying on said agreement, Wallerman indorsed in blank his certificate of title to his 1939 Ford coupe and delivered same to the agent of the Auto Service Sales Company. He was to retain his Ford coupe until the new car was delivered. After waiting several days, Wallerman went to the Auto Service Sales Company garage in Clintonville to make inquiry as to the delay in delivering the new car. He then learned that Auto Service Sales Company had no new 1941 car on hand, but was told that it would be in the next day. After waiting several weeks, during which time Auto Service Sales Company was unable to make delivery of the new car, Wallerman demanded return of his certificate of title. Auto Service Sales Company stated that they had misplaced the certificate of title, but that they would find it and return it to him. After waiting several days more, he again went to their garage and was again told that they could not find his certificate of title; that it had been misplaced or lost. On May 24, 1941, Wallerman purchased a new 1941 car from Labutzke Motor Sales, Inc., in which transaction he turned in his 1939 Ford coupe as a credit on the purchase price of his

new car, having in the meantime obtained a new certificate of title to his Ford coupe from the motor vehicle department. He assigned this certificate of title to the Labutzke Motor Sales, Inc., at the time he delivered to said company his 1939 car to apply on the purchase price of the new car. The Auto Service Sales Company never returned the original certificate of title to Wallerman, and they never delivered or offered to deliver a new 1941 Ford car to Wallerman.

It appears that on April 3, 1941, when the Auto Service Sales Company executed the chattel mortgage to plaintiff, it delivered to plaintiff Wallerman's original certificate of title to his 1939 Ford coupe. Plaintiff's chattel mortgage was not recorded until after Wallerman had negotiated and closed the deal with Labutzke Motor Sales, Inc. Neither Wallerman nor Labutzke Motor Sales, Inc., had any information that the Auto Service Sales Company had placed a chattel mortgage on the Wallerman car.

There is some evidence to the effect that at the time Wallerman was negotiating with Labutzke Motor Sales, Inc., for the purchase of a car from that company, he expressed some concern as to whether any trouble might arise out of the fact that two certificates of title had been issued on his 1939 Ford coupe, and so expressed himself to Labutzke. In that connection it is claimed that if he got into any trouble due to the fact that two certificates of title had been issued, Labutzke would protect him in that regard. The trial court in its decision said:

"At this time and prior to the making of this deal [with Labutzke Motor Sales] both defendants knew that the old title was not lost or destroyed, and the defendant, Wallerman, refused to make the purchase of this car [from Labutzke Motor Sales] unless the defendant, Labutzke Motor Sales, would agree to protect him against any lawsuit that might result from the fact that he had turned over his original title to the auto in question to the Auto Service Sales Company. This the defendant, Labutzke Motor Sales, agreed to do.

"Wallerman now contends that he is released because his liability is shifted to the Labutzke Motor Sales. He cannot assign his liability, or in other words escape paying his debts or obligations because he has agreed with someone else to pay them.

"The agreement between the defendants being based on a valuable consideration is a contract made for the benefit of a third person or party, and, as in this case, they are both liable thereon."

The respondent makes the same contention but cites no authority to support it. We have been unable to find any authority applicable to the facts in this case, on which it could be held that Wallerman and the Labutzke Motor Sales, Inc., made any agreement between themselves which the plaintiff could avail itself of on the theory of a third-party beneficiary.

As we view the undisputed facts only one question is involved: Whether delivery by Wallerman of his certificate of title to his 1939 Ford coupe, indorsed in blank, to the Auto Service Sales Company constituted possession of the car so as to validate a subsequent unrecorded chattel mortgage executed by the holder of the certificate, as against a *bona fide* purchaser of the automobile within the meaning of sec. 241.08, Stats.

Sec. 241.08, Stats., provides:

"No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed as provided in section 241.10, except when otherwise directed in these statutes. . . ."

Sec. 241.10, Stats., provides where every mortgage of personal property and any assignment thereof shall be filed, etc.

The respondent contends that the provisions of sec. 241.08, Stats., were fully complied with in the instant case by delivery of the certificate of title to the Wallerman car. In other words, that when Wallerman delivered the certificate of title

to his car to the Auto Service Sales Company it in fact constituted a delivery of the car as required by sec. 241.08. This contention cannot be sustained. In *Schneider v. Kraby* (1897), 97 Wis. 519, 521, 73 N. W. 61, the court, after quoting the above statutory provisions, said:

> "It is well settled that such possession must be actual, open, unequivocal, exclusive, and continuous." Citing *Menzies v. Dodd,* 19 Wis. *343; *Manufacturers' Bank v. Rugee,* 59 Wis. 221, 18 N. W. 251.

The court further held that even joint possession by the mortgagor and mortgagee does not satisfy the requisites of the statute. Citing *Grant v. Lewis,* 14 Wis. *487; *Osen v. Sherman,* 27 Wis. 501. To same effect see *Underwood Veneer Co. v. Lucia,* 202 Wis. 507, 515, 232 N. W. 853; *Carpenter v. Forbes,* 211 Wis. 648, 651, 247 N. W. 857; *National Bank of Commerce v. Brogan,* 214 Wis. 378, 382, 253 N. W. 385.

In *Baierl v. Riesenecker,* 201 Wis. 454, 456, 227 N. W. 9, 230 N. W. 605, the court held that unrecorded chattel mortgages have no validity as against subsequent purchasers or mortgagees, even though they have actual notice of them. *Holak v. Southard,* 182 Wis. 494, 497, 196 N. W. 769. While there is no evidence that either Wallerman or the Labutzke Motor Sales, Inc., had notice of the unrecorded chattel mortgage held by plaintiff-respondent, even though they had had notice of the existence of the unrecorded mortgage, under the cases last cited, the chattel mortgage would have no validity as against either the Labutzke Motor Sales, Inc., or Wallerman. It would be good only between the parties to the mortgage, namely, the Auto Service Sales Company and the plaintiff corporation.

Respondent makes other contentions which we do not consider necessary to discuss since its action is predicated on the validity of the chattel mortgage given it by the Auto Service Sales Company. Under sec. 241.08, Stats., and the authori-

ties cited herein, the plaintiff's mortgage is void as to the defendants and all others, except the mortgagor and mortgagee.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the action, with costs.