AAMODT and another, Plaintiffs and Respondents, vs. BERGREN, Defendant: THORP FINANCE CORPORATION, Garnishee Defendant: LEHMAN, Interpleaded Defendant and Appellant. [Two cases.]

*January 12—February 7, 1950.*

*Harold T. Thorson* of Rice Lake, for the appellant.

For the respondents there was a brief by *Gannon & Gannon* of Rice Lake, and *W. T. Doar* of New Richmond, and oral argument by *Patrick M. Gannon.*

GEHL, J. Defendant, Bergren, being indebted to F. W. Lehman, gave him a bill of sale covering certain personal property on Bergren's farm. Bergren had previously engaged the Thorp Finance Corporation to conduct an auction sale of the same property. Lehman handed the bill of sale to the Thorp Finance Corporation. The bill of sale was not filed and the items of personal property were not removed from the Bergren farm. Neither receipts nor satisfactions of the debt were given.

The auction was held and all the items listed in the bill of sale were sold except three pieces of machinery which were removed from the Bergren farm by Lehman two or three months later.

Harold Aamodt and Henry Durst each commenced action against Andrew Bergren and garnisheed the funds in possession of the Thorp Finance Corporation, clerk at the sale. Theo. J. Schieffer had received an assignment in the sum of $75 from Andrew Bergren prior to the sale. This sum was not paid by the Finance Company and Schieffer was interpleaded in both actions.

The actions were tried to the court. Judgment was entered on July 5, 1949, in favor of Harold Aamodt, Henry Durst, and Theo. J. Schieffer, and denying the claim of the interpleaded defendant, F. W. Lehman, to the proceeds of the sale of the personal property itemized in the bill of sale.

The instrument in question was in fact a chattel mortgage. That is established by the fact that when it was executed no evidence of the satisfaction of the debt owing Lehman was given by him to Bergren, and by the further fact that, as Bergren testified, he gave Lehman the paper "to protect his interest so he could get his money." Neither of these facts is disputed. There is nothing in the record to suggest that the relationship between them was intended to be changed by the execution of the instrument, that Lehman's status as Bergren's creditor was to be affected. All of the testimony, particularly that referred to above, points to the contrary. Though in form a bill of sale, the instrument is in fact a chattel mortgage. *Carpenter v. Forbes* (1933), 211 Wis. 648, 247 N. W. 857.

Sec. 241.08, Stats., provides:

"No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed as provided in section 241.10, except when otherwise directed in these statutes. . . ."

The mortgage was not filed nor was possession of the property therein described delivered to Lehman; it is therefore invalid against the plaintiffs. *Holak v. Southard* (1924),

182 Wis. 494, 196 N. W. 769; *C. I. T. Corp. v. Wallerman* (1943), 242 Wis. 287, 7 N. W. (2d) 884; *Rheingans v. Hepfler* (1943), 243 Wis. 126, 9 N. W. (2d) 585.

The interpleaded defendant contends that he is entitled to the proceeds of the sale upon the theory that the instrument in question effected an equitable assignment of the fund.

". . . to constitute an equitable assignment the transfer must be of such a character that the fundholder can safely pay the assignee and is compellable to do so, although forbidden by the assignor." *Christmas v. Russell* (1871), 81 U. S. (14 Wall.) 69, 20 L. Ed. 762, cited in *Bartholomew v. Thieding* (1937), 225 Wis. 135, 273 N. W. 468.

There was nothing in the transaction between Bergren and Lehman which would have prevented Bergren from directing payment of the proceeds of the sale to himself or any person other than Lehman. An equitable assignment presupposes a present appropriation or transfer of a fund. There was no assignment or transfer of the fund nor was there anything in the conduct of the parties to the bill of sale from which either can be inferred. In *Black Hawk State Bank. v. Accola* (1927), 194 Wis. 29, 215 N. W. 433, cited by appellant, an assignment of the fund involved was effected by an order on the auctioneer to pay a creditor which distinguishes it from the facts in this case.

*By the Court.*—Judgment affirmed.